Ronald David SCHMIDT and Phillip W. Smith, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Edward F. SCHUBERT, M.D., Supt., Central State Hospital, Waupun, Wisconsin, Defendant.

Civ. A. No. 73–C–517.

United States District Court,
E. D. Wisconsin.

June 23, 1978.

Steven D. Phillips, Corrections Legal Services Program, Madison, Wis., for plaintiffs.

Pamela Magee-Heilprin, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought by patients at Central State Hospital pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the hospital's visitation policies. The Court entered an order on March 8, 1977, granting the plaintiffs' motion for partial summary judgment, and on July 28, 1977, the Court entered an order awarding attorney's fees to the plaintiffs. Final judgment was entered on August 1, 1977. The matter is now before the court on the defendant's motion, brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from the final judgment. For the reasons hereafter stated, the motion will be denied.

■ Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "(6) any * * * reason justifying relief from the operation of the judgment." Defendant argues that the case of *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 429 U.S. 976, 97 S.Ct. 483, 50 L.Ed.2d 583 (1977), has shifted the burden of proof in cases challenging prison regulations from the defendant to the plaintiff, and that under the new standard the grant of partial summary judgment in this case was inappropriate. The Court does not read *Jones* as having worked such a change in the law. Even assuming that it does so, however, a grant of relief under Rule 60(b) should be made only upon "a showing of exceptional circumstances or a grievous wrong evoked by new and unforeseen conditions," because of the interest in finality of judgments. *De Filippis v. United States,* 567 F.2d 341, 342 (7th Cir. 1977). A change in the governing law which occurs after the time for appeal has run does not ordinarily give rise to relief under Rule 60(b)(6). *Collins v. City of Wichita,* 254 F.2d 837 (10th Cir. 1958); *Lubben v. Selective Service System Local Board No. 27,* 453 F.2d 645 (1st Cir. 1972). Where the change occurs prior to the running of the time for

appeal, the appropriate procedure is to file the notice of appeal and to file the Rule 60(b) motion with the district court prior to the running of the time for appeal. If the district court believes that relief is appropriate under Rule 60(b), it can request the appellate court to remand the case. *Washington v. Board of Education, School District 89, County of Cook, State of Illinois,* 498 F.2d 11, 16 (7th Cir. 1974); *De Filippis v. United States,* supra, at 343; *Reddin v. Gray,* 427 F.Supp. 386, 387, rev'd on other grounds, 561 F.2d 715 (7th Cir. 1977).

■ The decision in *Jones* was issued by the United States Supreme Court on June 23, 1977. Final judgment in this action was entered on August 1, 1977, and on September 16, 1977, the defendant filed his motion for relief from judgment. He did not appeal the final judgment. Nor did he move this court to reconsider its grant of partial summary judgment prior to the entry of final judgment. Under such circumstances, the *Jones* decision having been issued more than two months before the defendant's time for appeal ran, it is apparent that the defendant is now attempting to use the Rule 60(b) motion as a substitute for appeal, and such use is not permissible. See *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Swam v. United States,* 327 F.2d 431 (7th Cir. 1964).

■ Plaintiffs have requested, in the event that the defendant's motion is denied, that they be awarded attorney's fees for the time spent in preparing the brief in opposition to the motion for relief from judgment. According to an affidavit submitted by plaintiffs' counsel, Mr. Steven D. Phillips, he spent ten hours in preparation of the brief. For the reasons given in the decision and order entered by this court on July 28, 1977, the request for an award of fees will be granted, at the rate of $45 per hour.

IT IS THEREFORE ORDERED that the motion of the defendant Edward F. Schubert, M.D., for relief from judgment is denied.

IT IS FURTHER ORDERED that the final judgment entered in this action on August 1, 1977, is amended so as to include $450 in attorney's fees in addition to the $4,477.50 previously awarded, as costs taxable to the defendant.

IT IS FURTHER ORDERED that the limited stay of execution of judgment entered on April 19, 1978, is vacated.