## Wille C. JONES

v.

## CITY OF RICHMOND, et al.

### Civ. A. No. 84-0163-R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 21, 1985.

Sa'ad El-Amin, Sa'ad El-Amin & Associates, Richmond, Va., for plaintiff.

William J. Hoppe, Senior Asst. City Atty., Michael K. Jackson, Asst. City Atty., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's Fed.R.Civ.P. 60(b)(6)[1] motion filed with this Court on 29 April 1985 requesting that plaintiff be released from the final judgment entered by this Court on 21 December 1984.

This motion was denominated by plaintiff as a motion in Civil Action No. 85–0222–R, a related case that involves many of the same issues and claims as 84–0163–R. However, though all of the defendants in 84–0163–R are also defendants in 85–0222–R, 85–0222–R includes an additional defendant, one Beryl T. Carter. More important, the final judgment which is the subject of plaintiff's Rule 60(b) motion was entered in this action, not in 85–0222–R, the action in which plaintiff sought to file his motion.

Although defendants contend that "plaintiff's failure to properly raise his Rule 60(b) motion in the original action is sufficient cause for denial of the motion," it appears from plaintiff's reply brief that this was a mere error in assigning the civil action number to plaintiff's original motion. According to plaintiff it was a clerical oversight that does not justify denial of the motion. Since I perceive no prejudice to defendants, they being represented by the same counsel in both cases, I will adopt plaintiff's explanation and resolution. Accordingly, though plaintiff's motion to obtain relief from the judgment is styled as

---

**1.** Plaintiff does not designate the subsection of Rule 60(b) he proceeds under. By the process of elimination I judge he must intend Rule 60(b)(6) although I suppose a weak assertion could be made under Rule 60(b)(1).

Civil Action No. 85–0222–R, it will be treated as a motion in Civil Action No. 84–0163–R. I DIRECT the Clerk of the Court to remove from the file in Civil Action Number 85–0222–R and to file herein plaintiff's Motion To Be Released from Final Judgment under Fed.R.Civ.P. 60(b), and supporting documents, filed on 29 April 1985 and Defendant's Brief in Opposition to Motion for Relief From Judgment filed on 13 May 1985.

The judgment of 21 December 1984 from which plaintiff seeks relief stated:

At a status conference this day the parties negotiated and reached agreement upon a settlement of this action, without prejudice, under the terms of the agreement, to the plaintiff's right to pursue certain pending remedies in State courts. Accordingly, this action is DISMISSED agreed without such prejudice.

Plaintiff's motion, which is supported by an affidavit of plaintiff, states in pertinent part that,

(3) In December 1984, counsel for plaintiff and defendants agreed upon a proposition for settling said action which was thought acceptable to plaintiff by his counsel.

(4) Plaintiff's counsel did not have authorization to settle said action based on the aforementioned proposition.

(5) Upon the presentation of said proposition, plaintiff advised his counsel that it was unacceptable and that plaintiff had never authorized settlement of the matter.

(6) Counsel for plaintiff learned subsequently that a final order based on said proposition had been entered by the Court.

On the basis of the facts stated above plaintiff contends that he should be relieved from the judgment.

"A motion under Rule 60(b) is addressed to the sound discretion of the district court and will not be disturbed on appeal save for a showing of abuse." *Square Construction Co. v. Washington Metropolitan Area Transit Authority,* 657 F.2d 68, 71 (4th Cir.1981).

To bring himself within Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.... Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment....

*Werner v. Carbo,* 731 F.2d 204, 206–07 (4th Cir.1984) (citing *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir.1979)).[2] The requirements established by the Fourth Circuit in *Werner,* require a plaintiff to make a satisfactory showing of each of the four elements.

Plaintiff has established a "lack of unfair prejudice to the opposing party." *Werner,* 731 F.2d at 207. The only prejudice defendants claim is that they have "foregone the imminent January trial date based on representations of plaintiff's counsel and the silence of plaintiff between 21 December and 23 January [and t]he Court itself will be prejudiced in its control over its own docket...." Defendant's Brief in Opposition to Motion for Relief from Judgment at 8. The Fourth Circuit's ruling in *Werner* found no unfair prejudice for Rule 60(b) purposes where "the only prejudice claimed by [movant] is that presented when any judgment is vacated: the protraction of proceedings, the time

---

**2.** While the Court recognizes that the "timeliness" element is measured from the "time of the judgment, order, or proceeding from which relief is sought ..." (Wright and Miller, *Federal Practice and Procedure* § 2866 (1973 and 1985 Cum.Supp.)), the reasonableness of the delay is generally determined from the time movant discovered or reasonably should have discovered grounds for the Rule 60(b) motion. See *Werner,* 731 F.2d at 207.

A court in considering timeliness must also consider the reasonableness of the delay in light of any prejudice to the party opposing the motion. *See* Wright and Miller, *Federal Practice and Procedure* § 2866 (1973 and 1985 Cum. Supp.). Defendants herein do not raise any claims of prejudice independent of those discussed with regard to the "lack of unfair prejudice to the opposing party" factor in *Werner.* That factor is discussed *infra.*

and expense of a new trial, the loss of post-judgment interest." *Werner*, 731 F.2d at 207. I am bound by this ruling.

Defendants do not deny that plaintiff's claim that the allegation of settlement made by plaintiff's counsel without authority of plaintiff presents a meritorious defense. See, e.g., *United States v. Beebe*, 180 U.S. 343, 351–52, 21 S.Ct. 371, 374, 45 L.Ed. 563 (1901); *Surety Insurance Co. of California v. Williams*, 729 F.2d 581, 582–83 (8th Cir.1984). Rather, they contend, citing *Surety Insurance Co.*, 729 F.2d at 583, for the proposition, that the allegations contained in plaintiff's affidavit are insufficient by themselves to "carry [the] heavy burden to establish that [his] attorney acted without any kind of authority in agreeing to entry of the judgment in the trial court." Id. at 583.

The Eighth Circuit in *Surety Insurance Co.* held as defendants contend that a conclusory allegation alone is insufficient to prove that the settlement was made without the authority of plaintiff. The *Surety Insurance Co.* court further held, however, that it was an abuse of discretion for the District Court to summarily deny a 60(b) motion on this ground. The Eighth Circuit remanded for an evidentiary hearing to flesh out the conclusory allegations of absence of authority. *Surety Insurance Co.*, 729 F.2d 583. But because plaintiff in the instant action has failed to establish other elements necessary to bring himself within Rule 60(b) relief, it is unnecessary for me to proceed by evidentiary hearing or otherwise to determine the attorney's authority to settle this lawsuit.

Plaintiff's motion is untimely and there is no satisfactory explanation for plaintiff's delay in filing his motion. In *Central Operating Co. v. Utility Workers*, 491 F.2d 245, 252 (4th Cir.1974), the Fourth Circuit, in considering the district court's denial of a Rule 60(b) motion, stated:

Defendants waited almost four months after receiving notice of the default judgments before filing their motions to vacate. They provide no satisfactory explanation for this delay. We cannot, therefore, say that the district judge abused his discretion in relying upon the delay, characterized by him as "inexcusable dereliction," in denying relief from judgment. Since the district court placed primary reliance upon the factor of delay, we affirm its denial of relief under Rule 60(b)(1).

Similarly the court in *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co.*, 383 F.2d 249, 251 (4th Cir. 1967) stated:

Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.... In this case the defendant did not act promptly. The default was entered on 26 August 1964, and the motion to set it aside was not made until November 10, 1964, after more than two and one-half months had elapsed.[3]

The court then went on to find an absence of a satisfactory explanation for the delay.

While *Central Operating Co.* dealt with a default judgment and *Consolidated Masonry* dealt with a default, I do not see why the considerations for measuring the

---

**3.** In *Consolidated Masonry* the Court rejected the movant's assertion that movant had no knowledge of the default until four days before filing the Rule 60(b) motion. Plaintiff had asserted that defendant was informed on August 26 that a default and default judgment was imminent. Defendant asserted that plaintiff never advised defendant of the true posture of the case. The Circuit Court stated:

Defendant's assertion that it was misled or lulled into slumber by plaintiff's attorneys was rejected by the court below. However, it seems that in any case the reasonable and

logical course which defendant should have pursued after it was aware that it had failed to answer in time was to immediately check the official records at the clerk's office in order to de' rmine the posture of the case. In this resρect the defendant was negligent and the court, on conflicting evidence, rejected defendant's claim that it had no knowledge of the entry of default. *Consolidated Masonry*, 383 F.2d at 251.

Accordingly, defendant was deemed to have notice, on or shortly after 26 August, that the default had been entered.

reasonableness of the delay would be any different in those cases than in the case at bar since the delay is measured from the time the party is deemed to have notice of the grounds for the Rule 60(b) motion.[4]

Initially, in considering plaintiff's motion, I must determine how long plaintiff delayed in making his Rule 60(b) motion. It is clear that counsel knew settlement was reached in my chambers on 21 December. It would have been prudent for him to notify his client that day. I deduce from plaintiff's submissions that he was so notified. At the latest the operative day would be when plaintiff or plaintiff's counsel knew that a judgment had been entered in response to the alleged unauthorized settlement. Plaintiff's brief in support of his 60(b) motion, in referring to the settlement, states:

> On the presentation of said proposition to the plaintiff, plaintiff's counsel was advised by plaintiff that he had not authorized settlement and that the proposed proposition was unacceptable. Counsel for plaintiff learned subsequently that the order of conciliation based on the tentative proposition had been entered by the court.

Plaintiff's Brief at 1.

This would indicate that counsel did indeed notify plaintiff of the settlement on 21 December or within a day or so thereafter. This is so because Court records indicate that copies of the judgment were mailed to counsel on 21 December. Being cognizant of the fact that Christmas fell shortly thereafter and of the heavy volume of mail during that time, the Court must still assume that, according to the facts established in the pleadings and in the affidavit of plaintiff, counsel for plaintiff and plaintiff himself had knowledge of the entry of the judgment prior to 31 December 1984. That is the starting date I use to measure the reasonableness of plaintiff's delay in filing his Rule 60(b) motion.

■ Even if counsel had, by some neglect failed to notify plaintiff of the formal entry of judgment in accord with the settlement, knowledge of counsel is imputed to plaintiff. See *Mansour v. Reeves Buildings, Inc.,* 383 F.Supp. 482, 484–85 (S.D.W. Va.1973), aff'd, 504 F.2d 812 (4th Cir.1974) ("Notice to, or knowledge of, an attorney for a party to a legal proceeding of matters arising in the course of the litigation or proceeding is ordinarily imputable to such party.") In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (quoting *Smith v. Ayer,* 11 Otto 320, 101 U.S. 320, 25 L.Ed. 955), reh. denied, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) the Supreme Court in dealing with the issue stated:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."[5]

---

**4.** See also *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir.1976) (a delay of either four months and eleven days or two months and nine days in moving to set aside judgment approving settlement of an action unreasonable. Court held that "[a]ny loss of rights stems solely from the cumulative effect of appellant's own neglect and that of his newly retained attorney"); *Goldfine v. United States,* 326 F.2d 456 (1st Cir.1964) ("parties' delay of two months and five days not reasonable even after court found excusable neglect for rule 60(b) purposes); *Schmidt v. Schubert,* 79 F.R.D. 128, 129 (E.D. Wis.1978) (where law changed two months prior to final judgment, a Fed.R.Civ.P. 60(b)(6) motion was not timely when party waited one

month and fifteen days after entry of final judgment to file the motion).

**5.** The Supreme Court in *Link* recognized that some may perceive a possible injustice when a party suffers the consequences of the party's attorney's action or inaction. The Court stated:
> Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the

■ The dates set forth in plaintiff's reply brief and his affidavit in support thereof conflict with the assumed 31 December at-the-latest-date-of-notice. Plaintiff in his affidavit states, "I was first advised by Mr. El-Amin of the proposal for settling my case on January 22, 1985. I advised Mr. El-Amin that I would not accept the proposal on that same date."[6]

While it is hardly conceivable that counsel neglected to advise his client of the 21 December settlement within hours after its consummation, even if I were to accept the 22 January date for the purposes of this motion, plaintiff delayed for over three months in filing his motion under Rule 60(b) and has presented absolutely no circumstances to justify that delay.

I determine, in the exercise of my discretion, that plaintiff's Rule 60(b) motion must be DENIED because I find that the motion was untimely.

*Werner* cites as a fourth showing an element of "exceptional circumstances." Plaintiff tenders no such circumstances; defendant does not defend on the basis of this lapse; and the writers don't discuss it with any degree of clarity as a separate and distinct element. Since the motion was so clearly and unexcusably untimely, I need not explore this fourth element.

Because plaintiff has failed to satisfy all the threshold elements of a Rule 60(b) motion, I do not need to determine if plaintiff has satisfied one of the six grounds for relief from judgment.

client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the *defendant.* Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition. *Link,* 370 U.S. at 634 n. 10, 82 S.Ct. at 1390 n. 10.

**6.** It seems curious that plaintiff claims that although the trial was set for 21 January 1985,

An appropriate judgment SHALL issue. And it is so ORDERED.

plaintiff had no knowledge of the proposed settlement until one day after the trial was scheduled to begin. It seems to me that had counsel for plaintiff been wholly derelict in keeping his client informed, nevertheless plaintiff, sometime prior to the date set for trial, would have inquired of Mr. El-Amin whether he needed to be in court on 21 January and at that time his attorney would have had to inform him of the settlement. In any event, counsel asserts he told his client of the settlement and "subsequently learned of the entry of judgment." This sequence rules out plaintiff's first learning of the settlement in late January.