900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen Michelle REED, infant, by G. Stephen REED, her father
and next friend, Plaintiff-Appellee,
and
G. Stephen Reed, Plaintiff,
v.
SWANK, INC., a body corporate of the State of Delaware,
Defendant-Appellant.
Karen Michelle REED, infant, by G. Stephen REED, her father
and next friend, Plaintiff-Appellee,
and
G. Stephen Reed, Plaintiff,
v.
SWANK, INC., a body corporate of the State of Delaware,
Defendant-Appellant.
 Nos. 88-3648, 88-3654.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1989.
Decided: Feb. 1, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, Alexandria Division. Albert V. Bryan, Jr., Chief District Judge. (CA 72-459-A)
 Thomas M. Wochok, for appellant.
 Edward Scott Rosenthal (Rosenthal, Rich, Grimaldin & Guggenheim, on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 I.
 
 1
 This is an appeal from an order of the District Court for the Eastern District of Virginia requiring appellant, Swank, Inc. ("Swank"), to pay $37,866.66 to Karen Reed in satisfaction of a settlement made with her when she was a minor. The original settlement order required Swank to pay the money to Stephen Reed as Karen's guardian and required Mr. Reed to post bond. Swank argues that it has already satisfied the order by paying Stephen Reed. We disagree. Swank paid Stephen Reed before Mr. Reed posted the bond. Swank thus failed to comply with the district court's original settlement order. The district court order requiring Swank to pay Karen Reed $37,866.66 plus interest is thus affirmed.
 
 II.
 
 2
 In 1973, plaintiff Karen Reed, an infant, and G. Stephen Reed as her guardian, father, and next friend, filed suit against Swank, a cigarette lighter manufacturer and distributor. The complaint alleged that Karen had suffered injuries as a result of burns caused by one of Swank's lighters. Before trial, the parties settled for $75,000.
 
 
 3
 In an order approving the settlement, the district court appointed G. Stephen Reed as Karen Reed's guardian and required him to post a $45,000 bond. The order required Swank to pay $37,866.66 of the $75,000 to "G. Stephen Reed, as guardian, father and next of friend of Karen Michelle Reed."
 
 
 4
 Swank paid the $75,000 to Stephen Reed's attorney before the court approved the settlement order and without determining whether or not Mr. Reed had posted bond. The attorney mailed a check for $37,866.66 to Stephen Reed for Karen's benefit, instructing Mr. Reed to put the money into a trustee account and to post bond. Stephen Reed, however, failed to post the bond, and Karen never received the $37,866.66.
 
 
 5
 In 1988, after reaching the age of majority, Karen filed a motion with the district court to enforce the original settlement order. The district court granted Karen's motion finding that Swank's 1973 payment to Stephen Reed did not satisfy the original order because Swank failed to make sure that Mr. Reed had posted bond before paying the money to Reed's attorney. The district court ordered Swank to pay Karen Reed $37,866.66 plus eight percent interest from August 14, 1973.
 
 
 6
 Swank filed a motion for reconsideration of the ruling stating that it had information indicating that the missing funds were located in a trust fund. Alternatively, Swank argued that if Karen were entitled to any recovery, the amount should be limited to the $45,000 bond. The district court denied Swank's motion for reconsideration. Swank appealed both the order and the decision to deny rehearing.
 
 III.
 
 7
 Swank argues that it satisfied the settlement order when it paid Stephen Reed's attorney the $75,000 because the order did not specifically require Swank to inquire whether Reed had posted bond. Swank protests that it is unfair to require it to pay twice. Swank further believes that Mr. Reed should be held responsible because he received the funds and he is the one who failed to post bond.[1]
 
 
 8
 We disagree. Virginia law then in effect provided that every guardian (except a testamentary guardian where the will otherwise directs) "shall give bond with good security, to be approved by the court...." Va.Code Ann. Sec. 31-6 (1973). Section 31-6 further provided: "If any court or judge or such clerk omit[s] to require such a bond, the judge or clerk so in default shall be liable to the ward for any damages he may sustain thereby." In his order, presiding Judge Oren R. Lewis appointed Stephen Reed as Karen's guardian and required him to post a bond in compliance with Virginia law. The order directed Swank to pay Stephen Reed as Karen's guardian. This court agrees that Swank failed to comply with the order because Stephen Reed was not Karen Reed's bonded guardian when he received the money. The district court's order requiring Swank to pay Karen Reed $37,866.66 plus interest is thus affirmed.
 
 IV.
 
 9
 Swank also appeals the district court judgment denying its motion to reconsider. In the motion, Swank claimed that it had information indicating that the missing funds were in a trust fund established by Stephen Reed for Karen Reed. Swank also argued that the court should limit any recovery to $45,000 without interest, which was the amount of the bond. Denying the motion, the court stated that Swank had provided no reason to delay payment to Karen Reed. The court found that Swank was responsible for tracing the funds. The court also refused to limit the amount to $45,000 reasoning that, had Reed posted the bond, the State Commissioner of Accounts would have ensured that the interest increased the amount of the bond.
 
 
 10
 The district court treated Swank's motion as one under Fed.R.Civ.P. 60(b). To succeed, a Rule 60(b) motion must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. See Jones v. City of Richmond, 106 F.R.D. 485 (E.D.Va.1985). Swank's motion shows none of these. Karen Reed has already disclosed the existence of a trust fund which is unrelated to the funds required by the settlement order. Furthermore, it is Swank's responsibility to comply with the settlement order and not Karen Reed's responsibility to locate the lost money. As this court agrees with the district court's findings, the court's order refusing a rehearing is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 That issue of whether and to whom Mr. Reed should be held responsible has not been presented to us and we, therefore, express no opinion