Louis A. MARKS, et al., Plaintiffs,

v.

UNITED STATES SOCIAL SECURITY
ADMINISTRATION, et al.,
Defendants.

Civil Action No. 4:95cv0050.

United States District Court,
E.D. Virginia,
Newport News Division.

March 6, 1997.

Louis A. Marks, Jr., Hampton, VA, pro se.

Brenda J. Marks, Hampton, VA, pro se.

Jeremy S. Thompson, Hampton, VA, pro se.

Susan Lynn Watt, United States Attorney's Office, Norfolk, VA, for United States Social Security Administration, John Groover, U.S. Dept. of Veterans Affairs.

LaDale Kenneth George, Office of Attorney General of Virginia, Richmond, VA, James Stuart Gilmore, III, Attorney General of Virginia, Richmond, VA, William Henry Hurd, Richmond, VA, Jane D. Hickey, Office of the Attorney General, Richmond, VA, for Commonwealth of Virginia, Department of Rehabilitative Services.

William Henry Hurd, Richmond, VA, Michael Paul Curreri, Bryan A. Fratkin, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, Margaret Alice Browne, Office of the Attorney General, Richmond, VA, LaDale Kenneth George, Office of Attorney General of Virginia, Richmond, VA, James Stuart Gilmore, III, Attorney General of Virginia, Richmond, VA, Jane D. Hickey, Office of the Attorney General, Richmond, VA, for Carolina Longa, MD, Luc Vinh, MD.

Donna J. Hall, Mays & Valentine, Norfolk, VA, Irma W. Merrill, Merrill, James & Merrill, Memphis, TN, for Bank of America, NT and SA, Boatman's National Mortgage Company.

Mary Christine Maggard, Shapiro and Burson, Virginia Beach, VA, for Shapiro and Burson Trading as Professional Foreclosure Corporation, Christine Patterson, Lori–Don MacNamee, Dana Powers.

Thomas Scott Carnes, Sykes, Carnes, Bourdon & Ahern, P.C., Virginia Beach, VA, for Long and Foster Realty, Lynn Therell, Bill Peiffer.

Alan Brody Rashkind, Furniss, Davis, Rashkind & Saunders, PC, Norfolk, VA, for A. Paul Burton.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

On August 6, 1996, the United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part and remanded the above-styled case to this court. In view of its holding in *Biggs v. Meadows*, 66 F.3d 56 (4th Cir.1995), the Court of Appeals remanded this case for the limited purpose of addressing whether the appellants (plaintiffs) state a claim against Defendants Longa and Vinh in their individual capacities. On October 2, 1996, the Court of Appeals issued the mandate to this Court. Accordingly, it was ordered that the parties file briefs and/or dispositive motions addressing the question of whether plaintiffs state a claim against Defendants Longa and Vinh in their individual capacities. All parties have responded to the Court. Additionally, Plaintiffs have filed a Motion to Rehear, to which all defendants have responded. Thus, the matter is now ripe for judicial determination. For the reasons stated below, the Court **FINDS** that Defendants Longa and Vinh were not sued in their individual capacities. Accordingly, the motion to dismiss is **GRANTED.** The Motion to Rehear is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Plaintiff Brenda Marks filed an application for disability benefits. The Social Security Administration (SSA) denied Ms. Marks' application for disability insurance benefits, and affirmed its decision on reconsideration. Upon Ms. Marks' request for a hearing by an Administrative Law Judge on November 18, 1993, the Office of Hearings and Appeals notified her that a hearing would be scheduled at a later date because of the volume of pending requests for hearing at that office. In April 1994, before the hearing could be scheduled, the Virginia Department of Rehabilitative Services Disability Determination Service reversed the denial. Since then, Ms. Marks has received retroactive benefits and regular monthly disability benefits. Thirteen months passed between Ms. Marks' application for benefits and the SSA's granting of those benefits. Plaintiff

Brenda Marks, her husband Louis Marks, and Ms. Marks' son, Jeremy Thompson claim that the delay in hearing Ms. Marks' claim and the continued denial of benefits resulted in the foreclosure on their property.

On April 27, 1995, Plaintiffs filed this action. Each plaintiff claimed $500,000.00 in punitive and compensatory damages against the following defendants: the SSA, John Groover (manager of the Hampton Administration office), Virginia Department of Rehabilitative Services ("the Department"), Dr. Longa and Dr. Vinh (two employees of the Department), Department of Veteran's Affairs ("the VA"), Bank of America, Boatman's National Mortgage Company, Shapiro & Burson, Christine Patterson, Lori–Don Mac-Namee, and Dana Powers (three lawyers who work for Shapiro & Burson), Long & Foster Realty, Lynn Therell and Bill Peiffer (two employees of Long & Foster), and A. Paul Burton (City Attorney for the City of Hampton).

Defendants each moved to dismiss the action pursuant to Rule 12(b)(1) and this Court granted the motion finding that federal jurisdiction did not exist over Claim (1) under 42 U.S.C.A. § 405(g), 1983 (West 1994 & Supp. 1996) or 28 U.S.C. § 1331 (1988). Plaintiffs appealed that decision. The United States Court of Appeals for the Fourth Circuit affirmed the dismissal of all defendants and claims except with regard to Defendants Longa and Vinh. On appeal, the Court found that this Court had not addressed the recent decision in *Biggs v. Meadows*, 66 F.3d 56 (4th Cir.1995), which holds that in order to state a cause of action under § 1983, a plaintiff is not required to plead expressly the capacity in which he is suing a defendant. The Fourth Circuit remanded the case for the limited purpose of addressing whether Plaintiffs state a cause of action against Defendants Longa and Vinh in their individual capacities.

### II. LEGAL STANDARD

Under the standard adopted by the United States Court of Appeals for the Fourth Circuit in *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir.1995), the Court must examine various factors to determine whether a state official is being sued in a personal capacity when the

Plaintiff does not allege such capacity specifically. *Id.* at 61. In *Biggs,* the court pointed to a number of factors that might indicate that a suit was filed in such a manner, including "the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint," "the Plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits," and "[t]he nature of any defenses raised in response to the complaint ... [b]ecause qualified immunity is available only in a personal capacity suit [and] the assertion of that defense indicates that the defendant interpreted the Plaintiff's action as being against him personally." *Id. (citations omitted).* "Throughout, the underlying inquiry remains whether the Plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.*

## III. DISCUSSION [1]

### A. Individual Capacity

■■■ The court in *Biggs* first pointed to a plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom as indicative of an intention to sue defendants in their individual capacity. In their Complaint, Plaintiffs do not allege an official policy or custom. Plaintiffs argue in their Memorandum addressing the issue of individual liability submitted after remand:

> Plaintiff, where citing statute and policy, has at all times represented the actions of these defendants to be a violation of statute and policy. As the Plaintiffs recognize

the actions to be a violation of statute and policy, actions would be outside of official duties, clearly an indication of Plaintiffs' desire for this Court to address the individual accountability of these two defendants.

(Pls.Mem. at 2.) The Court construes this argument as misinterpreting the significance of the allegation of official policy and custom to the issue of capacity. Where a plaintiff sues a state defendant and alleges that there was a policy or practice of violating citizen's rights, that allegation weighs against individual capacity in favor of official capacity. Where there is no indicia of such a policy or custom on the face of the complaint, then the complaint might be interpreted as suing the defendants in their individual capacity. Thus, the argument presented above does not speak directly to the factor pointed to in *Biggs* except to the extent that it asserts that the actions for which the Plaintiffs are suing were outside the scope of official duties because they were allegedly violations of state statute and policy.[2] Such an argument is relevant to the question of capacity. However, Plaintiffs contradict this inference with the statement that "[t]he Court has jurisdiction in this matter in that all defendants named *were acting in their capacities as an agent for an agency or division of the United States of America."* (Pls.' Resp. to Mot. to Dismiss at 1) *(emphasis added ).* The Court finds that no inference can be drawn from the Plaintiffs' allegations that Defendants Longa and Vinh violated statute and arguably violated policy in the face of the contradictory language found in the Plaintiffs' Response to the Motion to Dismiss.

The Court in *Biggs* next pointed to the Plaintiff's request for compensatory or punitive damages, since such relief is unavailable

---

1. Plaintiffs have asked the Court to consider the amended pleadings filed subsequent to the dismissal of the case on November 2, 1995. As those documents are not a part of the record, the Court declines to consider them in reaching its decision.

2. The Plaintiff did not articulate violations of statute and policy as a means by which individual liability should be inferred in any pleadings submitted to the Court prior to its dismissal. However, the following language appears to be the language implying such liability referred to in the Memorandum supporting individual liability:

    (2) The Defendant Social Security Administration, as demonstrated by the actions of Defen-

dants John Groover, Virginia Department of Rehabilitative Services, Carolina Longa, MD, and Luc Vinh, MD, *failed in its duties to insure the rights afforded under 42 U.S.C. sections 401 and related sections including section 421* in that:

    a) medical records were not properly reviewed and initial denial was signed by Defendant Carolina Longa, MD, which included a diagnosis which was not in the medical records submitted for review nor a medical condition known to any person in the profession.

    b) reconsideration was not conducted *in accordance with the law* as evidence by reconsideration denial signed by Defendant Luc Vinh, MD including same diagnosis cited in original denial. (Compl.) *(emphasis added ).*

in official capacity suits. Plaintiffs argue that because they sought both punitive and compensatory damages from these defendants, a clear indicator exists that the defendants were being sued in their individual capacity. However, Plaintiffs sought monetary relief in the form of compensatory and punitive damages against all defendants indiscriminately. Just as Plaintiffs derive a claim for compensatory and punitive damages against Defendants Longa and Vinh from their general ad damnum clause, this Court interprets the general ad damnum clause as asserting those same damages against all other defendants. Thus, Plaintiffs also claimed compensatory and punitive damages from the Social Security Administration and John Groover, the manager of the Hampton Administration Office. Such damages against the state are impermissible. Thus, while the Court is cognizant of the Plaintiffs' *pro se* status and recognizes that Plaintiffs may not have realized that such relief was unavailable from certain Defendants, it can not conclude that the monetary damages requested in the complaint should lead to an inference that Plaintiffs intended to sue Defendants Longa and Vinh in their individual capacities.

Third, *Biggs* points to the nature of any defenses raised in response to the complaint as a factor to be considered in determining capacity because qualified immunity is available only in a personal capacity suit. Thus, the assertion of that defense indicates that the defendant interpreted the Plaintiff's action as being against him personally. *Biggs,* 66 F.3d at 61. However, the Court also stated that "[t]hroughout, the underlying inquiry remains whether the Plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.*

Defendants Longa and Vinh defended on several grounds including Eleventh Amendment immunity but did not assert qualified immunity as a defense. As evident in the Motion to Dismiss, they construed the complaint as suing the doctors in their official capacities:

> The Plaintiffs filed a complaint against the Defendants, the Commonwealth of Virginia, Department of Rehabilitative Services, Carolina Longa, M.D. and Luc Vinh, M.D., *in their official capacities,* alleging a viola-

tion of several provisions 42 U.S.C. § 401 et seq.

(Defs.' Mem.Supp.Mot.Dismiss (*emphasis added*)). In their memorandum, Defendants cite *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); and *Landman v. Royster,* 354 F.Supp. 1302 (E.D.Va.1973), for the proposition that "immunity extends to state officials who are sued for damages only in their official capacities, since such action merely constitutes suits against the state." Additionally, Defendants argued that "in the absence of an express statement that the parties are being sued in their individual capacities, the court generally construe[s] the action as a suit against the defendants in their official capacities." (*Id. citing Meadows v. State of Indiana,* 854 F.2d 1068 (7th Cir.1988)). Defendants further argued that because Plaintiff's suit is silent as to whether the doctors are sued in their individual capacity, the suit must be construed as one against the doctors in their official capacities.

This Court recognizes that *Biggs* sheds a contrary light on how to determine the capacity by which a person is sued and that the legal argument made by Defendants is no longer binding or persuasive. However, the discussion of official capacity found in the Memorandum Supporting the Motion to Dismiss is still significant. One of the factors the *Biggs* case pointed to was whether Defendants asserted the defense of qualified immunity, which would tend to show that Defendants had notice that they were being sued in their individual capacities. The Motion to Dismiss indicates that the doctors did not think that they were being sued in their individual capacity.

■ Even more significant than Defendants conclusion that they were only being sued n their official capacity, is Plaintiffs' failure to contradict that conclusion in their response memorandum. Plaintiffs' response to the motion to dismiss stated:

> 1) The court has jurisdiction in this matter in that all defendants named were acting in their capacity as an agent for an agency or division of the United States of America and the Defendants have stated so in their

pleading however unartfully it was constructed.

(Pls.' Resp.Mot.Dismiss). Not only do Plaintiffs characterize the Defendants as agents of the United States, the response never even addresses the Defendants' conclusion that they were sued exclusively in their official capacities. Thus, after evaluating the factors delineated in *Biggs* to assess the possibility that Defendants Longa and Vinh were sued in their individual capacities, the Court rejects the argument that defendants were sued in their individual capacities as argued by the briefs submitted after the remand. Accordingly, the Court **FINDS** that Defendants Longa and Vinh were not sued in their individual capacities. Thus, the complaint is **DISMISSED**.

## B. Motion for Rehearing

Plaintiff also filed a petition to re-open or rehear this matter pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b).[3] Rule 60(b) requires that the movant make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. After making that showing, the movant must proceed to satisfy one of the rule's six grounds for relief from judgment. *Jones v. City of Richmond*, 106 F.R.D. 485 (E.D.Va.1985) *citing Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir.1984). Plaintiffs argue that the Court should reopen this matter because the Plaintiffs have since filed administrative claims and the six month statutory period has elapsed.

Plaintiffs argue that they have met the timeliness requirement of Rule 60(b) because they filed the motion to rehear within one year of judgment.[4] However, the rule states that a motion under Rule 60(b)(1) shall be made in a *reasonable time*, not to exceed one year after the judgment. Thus, the timeliness of the motion is determined by its reasonableness, not simply by its falling within the one year maximum time limit. The timeliness of the motion is generally deter-

mined from the time movant discovered or reasonably should have discovered grounds for the Rule 60(b) motion. *Jones*, 106 F.R.D. at 487 *citing Werner*, 731 F.2d at 207. Plaintiffs have not offered an explanation as to the reasonableness of waiting eleven months to file their petition.

Next the Plaintiffs are required to make a showing of a meritorious defense. Plaintiffs argue that filing an administrative claim, in conjunction with their *pro se* status, provides a meritorious defense. Plaintiffs do not address the fact that this Court's dismissal order discussed several grounds which barred Plaintiffs from proceeding, in addition to the administrative claim requirement, including sovereign immunity, the inability to seek relief pursuant to § 405(g), and the Eleventh Amendment. *See Marks v. Social Sec. Admin.*, 906 F.Supp. 1017 (E.D.Va. 1995). The mere fact that Plaintiffs may have cured one of the grounds for dismissal of their complaint is insufficient to defend against the many grounds upon which the dismissal was granted.

Plaintiffs argue that there would be no unfair prejudice in rehearing this action. They argue that it is now within their rights to refile this entire matter against defendants because they have satisfied their administrative claim requirement. Because defendants would be subject to the new filing, there would be no unfair prejudice to any defendant if the matter was reopened. This Court does not agree that requiring all defendants to defend against the same allegations upon which this Court has previously ruled, would not be unfair.

Lastly, the Defendants claim exceptional circumstances because they have succeeded to this stage of litigation *pro se* and they have limited financial resources. The Court finds this argument unpersuasive. Therefore the Court finds that Plaintiffs have not made a satisfactory showing of the elements necessary to bring themselves within Rule 60(b). Accordingly, the motion to rehear is hereby **DENIED**.

---

**3.** Several defendants interpreted Plaintiffs' motion as filed under Federal Rule of Appellate Procedure 40. However, Plaintiffs' memorandum makes clear that they intended the motion to be directed to this Court pursuant to FRCP 60(b).

**4.** Judgment in this matter was rendered on November 2, 1995. The motion to rehear was filed on October 3, 1996.

## IV. CONCLUSION

For the above mentioned reasons, the Court **FINDS** that Defendants Longa and Vinh were not sued in their individual capacities. Thus, the complaint is **DISMISSED.** The petition for a rehearing is **DENIED.**

The Plaintiffs are ADVISED that they may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the clerk within thirty (30) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this order to plaintiffs and counsel for Defendants Longa and Vinh.

**IT IS SO ORDERED.**