**Jack WERNER, Appellee,**

v.

**Ralph J. CARBO, Jr., M.D. and Ralph J. Carbo, Jr., M.D., P.A., a body corporate of Maryland, Appellant,**

**and**

**Upjohn Company, Inc., a body corporate of the State of Delaware, Appellee.**

**No. 81–1889.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1982.

Decided April 4, 1984.

Rehearing and Rehearing En Banc Denied May 16, 1984.

Roy L. Mason, Rockville, Md. (William A. Ehrmantraut, Donahue, Ehrmantraut & Montedonico, Chartered, Rockville, Md., on brief), for appellant.

Jon H. Grube, Baltimore, Md. (M. King Hill, Jr., Patti G. Zimmerman, Smith, Somerville & Case, Baltimore, Md., on brief), for appellee Upjohn Company, Inc.

Stuart M. Salsbury, Baltimore, Md. (Max R. Israelson, Israelson & Jackson, Baltimore, Md., on brief), for appellee Jack Werner.

Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

Ralph J. Carbo, Jr., M.D., P.A., a Maryland professional corporation, appeals a district court order denying it relief from judgment under Fed.R.Civ.P. 60(b). We hold that the professional corporation was entitled to relief from judgment and accordingly reverse the order of the district court.

This is a sequel to *Werner v. Upjohn Co.*, 628 F.2d 848 (4th Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 804 (1981). Werner filed suit in September 1975 against Dr. Carbo individually (Carbo), against his professional corporation, and against the Upjohn Co. (Upjohn). Among other things, Werner alleged negligence on the part of Carbo "individually and as agent, servant and employee" of the professional corporation in failing to give adequate warnings when prescribing for Werner the Upjohn drug Cleocin. Werner also alleged negligence on the part of Upjohn in failing to give adequate warnings about the drug. At the close of trial the district judge gave the following instruction, to which no one objected:

> There are three Defendants in the case. The third Defendant is Ralph J. Carbo, Jr., M.D., a Professional Association [i]ncorporated in the State of Maryland. If you find that Dr. Carbo is liable to the Plaintiff, then I instruct you to find that the corporation is also liable to the Plaintiff to the same extent as Dr. Carbo. .

The jury returned a verdict on special issues and answered "yes" to the question whether "the defendant Dr. Carbo fail[ed] to exercise due care in his treatment of the plaintiff, which failure proximately caused or contributed to the injury of the plaintiff." The form of verdict submitted to the jury nowhere mentioned the professional corporation. So, by tacit agreement, the case was tried on the theory that the corporation's liability was coextensive with that of Carbo, as would have been its exculpation. The court entered judgment on May 11, 1977, "in favor of plaintiff against defendants," although the jury had never found any kind of a verdict against the corporation on the form of special verdict used in the case. Thus, the court, in its judgment, *see* Fed.R.Civ.P. 49(a), recognized the agreement that the corporation's liability was coextensive with that of Carbo, but not otherwise.

Carbo and Upjohn appealed the judgment to this court, but the professional corporation did not separately file a notice of appeal. We vacated the judgment against Upjohn on the ground that the district court had improperly admitted evidence of subsequent remedial measures, i.e., warnings about Cleocin, and we vacated the judgment against Carbo on the ground that

> Dr. Carbo's duty to his patient was so bound up in the warnings given by Upjohn, that we do not believe a judgment against him should be allowed to stand when the record contains error going to the most fundamental question in the case: the adequacy of the warning. The probability of prejudice is too great.

*Werner v. Upjohn Co.*, 628 F.2d at 860. The Supreme Court denied certiorari on January 12, 1981. 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 804.

Werner's attorney thereafter informed the district court that he intended to commence attachment proceedings based on the judgment against the professional corporation. The corporation moved under Rule 60(b) to have the judgment against it set aside, and the district court denied the motion.

■ The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion. *Central Operating Co. v. Utility Workers*, 491 F.2d 245, 252 (4th Cir.1974); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967). To bring himself within Rule 60(b), the movant must make a showing of

timeliness,[1] a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir.1979). Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include "mistake, inadvertence, surprise, or excusable neglect" under subsection (1), "a prior judgment upon which [the judgment] is based has been reversed or otherwise vacated" under subsection (5), and "any other reason justifying relief from the operation of the judgment" under subsection (6). We have explained, however, that these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground. *Compton v. Alton Steamship Co.*, 608 F.2d at 102. This overlapping and the broad phrasing of the rule free courts to do justice in cases in which the circumstances generally measure up to one or more itemized grounds. It is also consistent with the background of the rule and the rule itself which abolished writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review, so that relief from a judgment, generally, should now be obtained under the rule rather than under the abolished procedures mentioned just above.

■ We note at the outset that the professional corporation filed for relief from judgment less than eleven weeks after the Supreme Court denied certiorari to the former decision on appeal, clearly within a reasonable time after the date on which it was finally determined that the judgment against Carbo would be vacated. Further, it made a showing of a meritorious defense in the first trial of this case. The only prejudice claimed by Werner is that present when any judgment is vacated: the protraction of proceedings, the time and expense of a new trial, the loss of post-judgment interest. Any loss of lever-

age in settlement discussions, while doubtless a practical consideration, we do not think is the type of prejudice contemplated by the rule. No rights of third parties have intervened.

■ We next come to the grounds for relief listed in the rule. Werner claims that this is simply a case of counsel error in failing to take an appeal, which thus falls under the "mistake, inadvertence, surprise, or excusable neglect" rubric of 60(b)(1) and which must fail because not brought as required within one year after judgment was entered. We agree that as a general principle a 60(b) motion may not substitute for a timely and proper appeal. *De Filippis v. United States*, 567 F.2d 341, 342 (7th Cir.1977). The events that followed entry of judgment against the professional corporation, however, produced an extraordinary situation which cannot fairly or logically be limited to the neglect category of Rule 60(b). *See Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949) (plurality opinion of the court).

■ We think this case falls more logically within the scope of subsection (5) of Rule 60(b), which allows relief from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated." It is true that this subsection and its common law and equitable antecedents have been applied primarily in cases in which a judgment itself is necessarily considered in a later action. *See, e.g., Butler v. Eaton*, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891); *Michigan Surety Co. v. Service Machinery Corp.*, 277 F.2d 531 (5th Cir.1960); *E.I. du Pont de Nemours & Co. v. Richmond Guano Co.*, 297 F. 580 (4th Cir.1924). However, relief also has been granted where the prior judgment was entered simultaneously with the judgment sought to be vacated and where the prior judgment was not the basis of the second judgment in the sense of res judicata, estoppel, or like theory. *See Maryland Casualty Co. v. City of South Norfolk*, 54

---

**1.** Rule 60(b) specifies that motions for relief from judgment must be made "within a reasonable time," with the further requirement that motions brought under subsections (1) to (3) be made not more than one year after judgment is entered.

F.2d 1032 (4th Cir.), *modified on other grounds*, 56 F.2d 822, *cert. denied*, 286 U.S. 562, 52 S.Ct. 644, 76 L.Ed. 1295 (1932); *Pierce Oil Corp. v. United States*, 9 F.R.D. 619 (E.D.Va.1949).

In *Pierce Oil Corp.*, the plaintiff brought two actions seeking tax refunds; specifically, he sought refunds for taxes paid in 1937 and 1939 on one theory in the first case, and a refund for 1937 on a separate theory in the second case. The court found both theories sound, and, to avoid double recovery, on the same day, awarded judgment for plaintiff in the first case as to 1939 taxes only, and judgment in the second case for 1937 taxes. The plaintiff and the government stipulated to dismissal of the government's appeal in the first case, and the government paid the refund for 1939. On the government's appeal of the second case, however, this court reversed the judgment for 1937 taxes. Plaintiff moved to set aside the judgment in the first case, because the district court had found his theory in that case covered both 1939 and 1937 taxes, and because the judgment in the first case omitted recovery of 1937 taxes by reason of the judgment in the second case. The court, although finding relief from judgment justified under 60(b)(6), noted that relief might well be predicated on 60(b)(5): "The challenged judgment, insofar as it intentionally omitted recovery for 1937 taxes, was based on another judgment, to wit, the judgment in ... [the second case], and the latter has been reversed." 9 F.R.D. at 621.

In *Maryland Casualty Co.*, in a previous suit brought to determine liability under a construction bond, the district court found that none of the materialmen could recover from the surety. Some of the materialmen appealed this judgment, and some did not. This court reversed, holding that the materialmen could recover from the surety. On remand the district court entered judgment for all of the materialmen, even those who had not appealed. The surety argued on a second appeal that the materialmen who did not appeal originally were bound by the first judgment. This court found that

> The first decree was entered in [the surety's] favor on the sole ground that the

bond did not guarantee the claims of materialmen. In this question all materialmen were interested; and a single decree was entered denying the claims of all of them. This decree was reversed on the former appeal; and we think that there can be no question but that this reversal inured to the benefit of all persons interested under the bond, whether they appealed or not; for it reversed the decree which denied their right to recover under the bond. 54 F.2d at 1038–39.

■ We are persuaded by the reasoning in *Pierce Oil Corp.*, that when one judgment rests upon a contemporaneous judgment which has been reversed or otherwise vacated, as had the contemporaneous judgment in this case, Rule 60(b)(5) should nevertheless apply if all the other conditions are met. We think the word "prior" in Rule 60(b)(5) refers not only to prior in time but also to prior as a matter of legal significance. 7 *Moore's Federal Practice* (1983) ¶ 60.26[3] is also persuasive that relief should be granted here under Rule 60(b)(5). That text points out that the rule permits relief in a *Reed v. Allen*, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932), situation, where no appeal was taken from the second judgment and the first judgment was reversed on appeal. The second judgment in *Reed* was later in time and depended on the first under res judicata principles, but, like the case here, the second judgment was not appealed, and the court in *Reed* pointed out that any relief available should have been requested "in the Federal court in which it was rendered." 286 U.S. at 200, 52 S.Ct. at 534.

We also find support in the *Maryland Casualty Company* case which was not decided under Rule 60(b) or its antecedents, rather as a matter of general law. *Maryland Casualty* thus is persuasive that relief should be granted also under Rule 60(b)(6). For practical purposes, the facts of the *Maryland Casualty* case are hardly distinguishable from those at hand. Some materialmen there appealed, and some did not; some defendants here appealed, and some did not. The materialmen there succeeded in their appeal, as did the defendants who appealed here. The materialmen

there who did not appeal received the benefit of the successful appeal, and it follows that the defendants here who did not appeal should likewise benefit.

We emphasize that our ruling is very narrow. The motion was timely made; no unfair prejudice was shown; exceptional circumstances were present; the rights of no third parties have intervened; and the judgment against the professional corporation was wholly derivative of, coexistent with, and limited by the judgment against Carbo.

We are thus of opinion that the failure to grant the Rule 60(b) motion was an abuse of discretion.

VACATED AND REMANDED.

