867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence OGLE; Lorenzo Felder; James E. Walker; John M.
Williams; Louis Walker; Ruth A. Beard; William
Proctor; Wilbert L. Walker, Plaintiffs- Appellees,
v.
Edmund D. COOKE, Defendant-Appellant,
and
Phoenix Food Service Corporation, Inc.; William T. Syphax,
individually and as Chairman of the Board of Phoenix Food
Service Corporation; John L. McCoy, III, individually and
as President of the Phoenix Food Service Corporation, Defendants.
 No. 88-2009.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1988.
Decided: Jan. 25, 1989.
 
 Alan Banov (Mary Anne Brennan, Law Offices of Alan Banov, on brief), for appellant.
 Herbert A. Terrell (Alonzo Hairston, Hairston & Associates, P.A., on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edmund D. Cooke appeals from the denial of a motion for relief from a default judgment. Fed.R.Civ.P. 60(b). We affirm.
 
 I.
 
 2
 Cooke was a director, secretary, and general counsel of Phoenix Food Systems, Inc. from late 1981 to August 3, 1984. On August 8, 1986 eight Phoenix investors sued Phoenix, Cooke, and others alleging securities laws violations, fraud, and breach of contract in the sale of Phoenix investments to them between April and December 1984. The district judge found that Cooke was served with a summons and complaint on September 15, 1986, but he failed to answer or otherwise reply. An order of default was entered on February 20, 1987, a copy of which was mailed to Cooke. When Cooke again failed to take any action, the district court entered default judgments against him on October 30 and November 9, 1987.
 
 
 3
 On December 4, 1987 Cooke filed a motion pursuant to Federal Rule of Civil Procedure 60(b) alleging that the default judgment was taken against him "by surprise" and that he had informed the plaintiffs' counsel that he "had no knowledge of the transaction involved in the lawsuit." The district court, by handwritten margin order, denied the motion on December 7, 1987 stating that Cooke "demonstrated insufficient grounds" for relief, particularly in view of the fact that Cooke was an attorney.[1]
 
 II.
 
 4
 "The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion." Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984), quoted in Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987). In Park, where the defendant had appealed a district court denial of a Rule 60(b) motion after entry of a default judgment, this court stated:
 
 
 5
 [T]he existence of a meritorious defense is not, by itself, a sufficient basis for relief under Rule 60(b). Rather, in order to qualify for relief under Rule 60(b), a party must demonstrate both the existence of a meritorious defense and the existence of any of the grounds for relief set forth in [Rule 60(b) ].
 
 
 6
 812 F.2d at 897 (emphasis in original). The court noted that while the defendant might have had a defense to the action, it had not presented grounds for relief under Rule 60(b), and held that the district court did not abuse its discretion in denying relief from the judgment.
 
 
 7
 Cooke, an attorney, claims he was "surprised" by the default judgment because he had an "understanding" with the plaintiffs' attorney that he would be dismissed from the case. Cooke knew he was a defendant, however, and admits he received "various notices" about the ongoing litigation. Although surprise is a ground for relief under Rule 60(b)(1), the district court did not abuse its discretion in rejecting Cooke's argument.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This appears to be what the district court order, handwritten on the bottom of the first page of Cooke's motion and difficult to read, states. Since the parties do not contest the contents of the district court order, there is no need to remand for clarification
 An order denying a Rule 60 motion, because it is appealable, is a judgment within the meaning of Federal Rule of Civil Procedure 54(a). The margin order denying Cooke's Rule 60 motion, however, does not comply with Federal Rule of Civil Procedure 58, which mandates that each judgment be "set forth on a separate document." The district court is reminded that final orders based on findings of fact should properly set forth the findings relied on to support any conclusory statements. Since Cooke filed a timely appeal from the entry of this margin order, however, we need not remand this case for entry of a separate judgment. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978).