922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bessie Carpenter LOCUS, Plaintiff-Appellant,
v.
FAYETTEVILLE STATE UNIVERSITY, Robert Lemmons, in his
official capacity as Head, Division of General Studies,
JAMES SCURRY, individually, and in his official capacity as
Director of Career Planning and Placement, Defendants-Appellees,
and
Charels A. LYONS, Chancellor, individually and in his
official capacity as Chancellor of Fayetteville State
University, Valeria Fleming, individually, and in her
official capacity, Matthew Jarmon, individually, and in his
official capacity, Robert D. James, individually, and in his
official capacity, Defendants.
 No. 90-2604.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Jan. 7, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CA-86-52-CIV-H)
 James Harvestus Locus, Jr., Fayetteville, N.C., for appellant.
 Lars F. Nance, Associate Attorney General, Raleigh, N.C., (argued) for appellee; Lacy H. Thornburg, Attorney General, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals the district court's entry of judgment in favor of the appellee in a Title VII action. Appellant makes several challenges to the district court's rulings and findings of fact, none of which we find persuasive. Accordingly, we affirm the judgment below.
 
 
 2
 * Appellant Bessie Locus was employed by appellee Fayetteville State University as a guidance counselor. In the spring of 1985, the position of academic advisor became vacant. Hoping to fill that position, she interviewed Dr. Robert Lemmons who was to recommend one applicant to the Vice-Chancellor of the University. During the interview, Dr. Lemmons stated that he hoped that the University would hire a male because he was dissatisfied with the performance of past female academic advisors. After interviewing eleven candidates, he recommended that Mr. Winfrey, another employee of the University, receive the position.
 
 
 3
 Winfrey, however, did not become academic advisor because the University eliminated the position. The University claims that the elimination was a result of reorganizing its staff. The appellant argues that this was done to cover up Dr. Lemmons' act of discrimination against her. In the spring of 1986, appellant filed a complaint with the Equal Employment Opportunity Commission (EEOC) and left the University. The EEOC denied the complaint.
 
 
 4
 In May of 1986, appellant filed a cause of action in the United States District Court under Title VII of the Civil Rights Act, 42 U.S.C. Secs. 2000e et seq., and 42 U.S.C. Sec. 1983. She alleged that several members of the University staff had denied her promotion on the basis of her sex. She further claimed that she had been harassed for filing an EEOC complaint and that her supervisor, James Scurry, had intentionally inflicted emotional distress upon her. Appellant later moved to amend her complaint to include a claim of civil conspiracy against several defendants she claimed had conspired to deprive her of a full and fair determination from the EEOC.
 
 
 5
 In the summer of 1988, the district court dismissed the civil conspiracy claim on the grounds that it was barred by the intra-corporate conspiracy doctrine.[1] It also dismissed all of the individual defendants from the suit. The appellant appealed the order to this Court, which affirmed the order as it applied to the conspiracy claim. Locus v. Fayetteville State Univ., No. 88-2561 (4th Cir. Mar. 8, 1989) (unpublished).
 
 
 6
 In early May of 1989, the appellant moved to amend her complaint in order to add a new party who was not employed by appellee and to increase the amount of damages claimed. She also moved to vacate the district court's 1988 order, arguing that with the new defendant the intracorporate conspiracy doctrine no longer applied. The district court denied the motions. The court then tried appellant's intentional discrimination claim against the appellee.
 
 
 7
 Sitting without a jury, the court heard testimony for two days and entered judgment in favor of the defendant. It found that Dr. Lemmons had a discriminatory motive in his decision to recommend Winfrey for the position, but in fact Winfrey was better qualified for the position than the appellant. The court further found that Dr. Lemmons would not have recommended appellant for the position even in the absence of his discriminatory motive. Moreover it found that Lemmons' recommendation was never acted upon because the Academic Advisor position was eliminated. Appellant now appeals that judgment.
 
 II
 
 8
 Appellant first argues that the district court abused its discretion by not granting her leave to amend her complaint in 1989 so she could add another defendant, and by not vacating its order entered in May of 1988. We review the decision not to allow appellant to amend her complaint under an abuse of discretion standard. Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir.1980); see also Fed.R.Civ.P. 15. A district court's discretion to deny leave is limited by the general principle embodied in the Federal Rules of Civil Procedure--that leave to amend should be freely granted. Davis, 615 F.2d at 613. Appellant first filed these motions May 2, 1989--three years after filing the original complaint and two months before trial. She could have brought the motion at least six months earlier. We do not believe that under these circumstances, the district court's failure to allow appellant to amend her complaint amounts to an abuse of its discretion or undermines the principle of liberal amendment.
 
 
 9
 As for the district court's refusal to vacate its earlier judgment under Rule 60, Fed.R.Civ.P., we also review that decision to determine whether there was an abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984). We find no abuse of discretion: as the court did not allow appellant to add the new defendant, the intracorporate conspiracy doctrine still applied.
 
 III
 
 10
 Appellant argues that the district court erred by dismissing James Scurry as a defendant in 1988.[2] Scurry was a defendant to a pendent state law claim. Appellant argues that the district court could have entertained this claim by exercising pendent party jurisdiction over Scurry. We disagree. The Supreme Court has refused to recognize pendent party jurisdiction in federal courts. See Finley v. United States, --- U.S. ----, 109 S.Ct. 2003 (1989); Aldinger v. Howard, 427 U.S. 1 (1976).
 
 IV
 
 11
 Finally, appellant challenges several findings of fact made by the district court as being clearly erroneous. See Fed.R.Civ.P. 52(a). We are not persuaded that the district court erred in making these findings.
 
 
 12
 Accordingly, the judgment of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This doctrine is simply an extension of the basic principle that a conspiracy requires at least two persons or entities. Under it, conspiracies among agents of one corporation are impossible where those agents are acting within their authority and for the corporation. The rationale is that since the acts of a corporate agent are the acts of the corporation, a conspiracy amongst agents of a corporation is in effect a conspiracy with only one conspirator--the corporation. See Buschi v. Kirven, 775 F.2d 1240, 1251-54 (4th Cir.1985)
 
 
 [2]
 Appellant also challenges the district court's 1988 order dismissing Dr. Lemmons as an individual defendant in her Sec. 1983 suit. She did not, however, challenge this order between the time this court issued its decision on the conspiracy charge and the district court's entry of judgment for appellee. She first raised this issue in a Rule 60 motion to vacate the judgment. After the district court made its findings and entered judgment, any intentional discrimination suit by appellant against Dr. Lemmons is barred under the doctrine of issue preclusion