995 F.2d 1063
 26 Fed.R.Serv.3d 124
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LIVINGSTON CHEMICALS, INCORPORATED, Plaintiff-Appellee,
v.
PERMVIRO SYSTEMS, INCORPORATED, Defendant-Appellant.
 No. 92-2610.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993
Decided: June 14, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-532-A)
 David P. Durbin, Jordan, Coyne, Savits & Lopata, Washington, D.C., for Appellant.
 John J. McDermott, O'Connor & Hannan, Washington, D.C., for Appellee.
 Laura J. Holland, Jordan, Coyne, Savits & Lopata, Washington, D.C.; Robert E . Scully, Jr., Susan A. Richards, Rees, Broome & Diaz, Vienna, Virginia, for Appellant.
 Donald R. Dinan, Gary C. Adler, O'Connor & Hannan, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Livingston Chemicals, Inc. (LCI), sued Permviro Systems, Inc., for tortious interference with business relations and for business and product disparagement. The tort claims against Permviro were based on phone calls from Permviro's president to LCI's distributor. Permviro's president made disparaging personal comments about Larry Livingston (the owner of LCI), his business, his tobacco curing patent, and threatened to engage in predatory pricing to drive LCI out of business. A jury returned a verdict for LCI, which we affirmed on appeal. Livingston Chems., Inc. v. Permviro Sys., Inc., No. 92-1063 (4th Cir. Dec. 21, 1992) (unpublished).
 
 
 2
 Subsequent to the jury verdict and during the pendency of Permviro's initial appeal to this court, Permviro filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). In its Rule 60(b) motion, Permviro argued that LCI had fraudulently represented to the court that it owned the tobacco curing patent, when in fact it only owned a license to the patent which Livingston owned. Permviro contended that the jury had to find that LCI owned a valid tobacco curing patent in order to return a verdict against it. In support of its motion, Permviro offered a voluntary petition for Chapter 11 reorganization in the bankruptcy court that LCI had filed after initiation of this lawsuit, and which included a schedule of assets stating that LCI did not have any patents, licenses, or other property interests of value. The district court denied Permviro's Rule 60(b) motion. We review the court's denial for abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984).
 
 
 3
 In order to obtain relief under Rule 60(b), Permviro needed to make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to LCI would result; and (4) exceptional circumstances warranted relief from the judgment. Id. at 206-07 & n.1. In addition, Permviro had to demonstrate at least one of the six grounds for relief listed in Rule 60(b). Id. at 207. Permviro specifically sought relief from the judgment under either Rule 60(b)(3), for "fraud ..., misrepresentation or other misconduct," or Rule 60(b)(6), for "any other reason."
 
 
 4
 In attempting to show that it had a meritorious defense, Permviro urged that the jury's verdict was necessarily founded upon its determination that LCI owned the exclusive protections offered by the patent. If, in fact, LCI only had a revocable at-will license to the patent and Larry Livingston actually owned it, LCI's interest was so precarious as to be of no value. Thus, according to Permviro, if the patent was of no value or if it was owned by Larry Livingston, rather than LCI, then Permviro had a meritorious defense to the tort claims. Permviro asserted that LCI prevented it from presenting this defense by making material misrepresentations about the ownership and value of the patent. See Green v. Foley, 856 F.2d 660, 665 (4th Cir. 1988) (fraud, misrepresentation, or other misconduct merits Rule 60(b) relief where it prevents the full presentation of a meritorious defense), cert. denied, 490 U.S. 1031 (1989).
 
 
 5
 LCI admitted that the patent was mistakenly omitted from the schedule of assets, that Larry Livingston owned the patent, and that LCI held the exclusive license to the patent. Nevertheless, LCI contended that Permviro had not established that it was prevented from pursuing a meritorious defense, shown a lack of unfair prejudice, provided evidence of misconduct or fraud, or demonstrated any "exceptional circumstances" warranting relief from the judgment. We agree.
 
 
 6
 As the district court pointed out, this was not a patent infringement case but a suit for tortious interference with LCI's business relationships and disparagement of its business and products. Lack of sole ownership of a patent may present a meritorious defense to a patent infringement case, but it does not constitute a defense with regard to the tort claims in this case. We held in our earlier opinion that LCI had clearly established that it suffered significant pecuniary loss as a direct result of Permviro's actions. Livingston Chems., slip op. at 6. LCI, as holder of the exclusive license on the tobacco curing patent, can suffer just as much from business disparagement as the patent owner. Permviro contends that, had it known that Larry Livingston owned the patent, it could have argued to the jury that because LCI did not own the patent, LCI could not have suffered any damage from Permviro's actions. This argument is neither persuasive nor relevant, and is not a meritorious defense justifying relief from the jury's verdict.
 
 
 7
 We also agree with the district court that LCI has not misrepresented the nature of the ownership of the patent and has maintained a consistent position regarding the patent in this litigation. While LCI's failure to list the patent on its schedule of assets may present a problem for the bankruptcy court, it does not constitute fraud warranting the extraordinary remedy of relief from judgment. Finding no abuse of discretion on the part of the district court, we affirm the denial of Permviro's Rule 60(b) motion.
 
 AFFIRMED