40 F.3d 1243
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Joseph P. CONNORS, Sr.; Donald E. Pierce, Jr.; William
Miller; Thomas H. Saggau; Paul R. Dean; Trustees of the
United Mine Workers of America 1950 Pension Trust; The
United Mine Workers of America 1950 Benefit Plan and Trust;
Trustees of the United Mine Workers of America Health and
Retirement Funds; United Mine Workers of America 1974
Benefit Plan and Trust, Plaintiffs-Appellees,
v.
Hershel MUNCY, individually and d/b/a A & K Company, Inc.,
Defendant-Appellant,
and
Arthur CHRISTIAN; Dennis Muncy, individually and d/b/a A &
K Company, Inc.; Mary Ann Muncy, individually and d/b/a A &
K Company, Inc.; Wilmer Muncy, individually and d/b/a A & K
Company, Inc., Defendants.
Joseph P. CONNORS, Sr.; Donald E. Pierce, Jr.; William
Miller; Thomas H. Saggau; Paul R. Dean; Trustees of the
United Mine Workers of America 1950 Pension Trust; The
United Mine Workers of America 1950 Benefit Plan and Trust;
Trustees of the United Mine Workers of America Health and
Retirement Funds; United Mine Workers of America 1974
Benefit Plan and Trust, Plaintiffs-Appellees,
v.
Hershel MUNCY, individually and d/b/a A & K Company, Inc.,
Defendant-Appellant,
and
Arthur CHRISTIAN; Dennis Muncy, individually and d/b/a A &
K Company, Inc.; Mary Ann Muncy, individually and d/b/a A &
K Company, Inc.; Wilmer Muncy, individually and d/b/a A & K
Company, Inc., Defendants.
Joseph P. CONNORS, Sr.; Donald E. Pierce, Jr.; William
Miller; Thomas H. Saggau; Paul R. Dean; Trustees of the
United Mine Workers of America 1950 Pension Trust; The
United Mine Workers of America 1950 Benefit Plan and Trust;
Trustees of the United Mine Workers of America Health and
Retirement Funds; United Mine Workers of America 1974
Benefit Plan and Trust, Plaintiffs-Appellees,
v.
Mary Ann MUNCY, individually and d/b/a A & K Company, Inc.,
Defendant-Appellant,
and
Arthur CHRISTIAN; Dennis Muncy, individually and d/b/a A &
K Company, Inc.; Hershel Muncy, individually and d/b/a A &
K Company, Inc.; Wilmer Muncy, individually and d/b/a A & K
Company, Inc., Defendants.
 
 Nos. 93-1493, 93-1694, 93-1790.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 23, 1994.
Decided October 18, 1994.
 Appeals from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CA-90-666-1)
 Alvin E. Gurganus, II, Whites' Law Offices, Princeton, WV, for appellants.
 Gary A. Collias, McIntyre & Collias, Charleston, WV; David W. Allen, General Counsel, Kenneth M. Johnson, Associate General Counsel, Jerry Mims, Senior Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., for appellees.
 S.D.W.Va.
 AFFIRMED IN NOS. 93-1493, 93-1694 AND DISMISSED IN NO. 93-1790.
 Before HALL and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Appellants, Hershel Muncy and Mary Ann Muncy, appeal from the district court's order granting summary judgment for Appellees, and Hershel Muncy appeals from the district court's denial of his motion for reconsideration. We dismiss appeal No. 93-1790 and affirm appeal Nos. 93-1493 and 93-1694.
 
 
 2
 A & K Company, Inc. ("A & K"), a West Virginia coal mining operation, became signatory to a number of employee benefit plans of which Appellees are Trustees. A & K was dissolved by the West Virginia Secretary of State on December 16, 1987, yet continued operations covered by the benefit plans until March 12, 1988. The Trustees brought this action against Dennis Muncy, Hershel Muncy, Mary Ann Muncy, Wilmer Muncy, ("Defendants"), individually and doing business as A & K, to recover delinquent contributions and withdrawal liability. See 29 U.S.C. # 8E8E # 185, 1145 (1988).
 
 
 3
 After conducting discovery, Trustees moved for summary judgment. Trustees noted that from December 27, 1986, until involuntary dissolution on December 16, 1987, Wilmer Muncy served as president of A & K, Dennis Muncy served as vice-president, and Hershel Muncy served as secretary to A & K. Wilmer and Dennis Muncy each held fifty percent ownership interests in A & K. Mary Ann Muncy served as A & K's bookkeeper, and, as the authorized representative of A & K, she signed the 1987 agreement between A & K and the union. Trustees provided documentation supporting their determination of the amounts of the delinquent contributions, withdrawal liability, and interest on these amounts. The Trustees sought to hold the individual Defendants liable for debts incurred by A & K after its dissolution on December 16, 1987.
 
 
 4
 In response to the summary judgment motion, Defendants asserted that there existed a genuine issue of material fact and that the individual defendants were "not personally liable for the obligations incurred during the existence of A & K, Inc., and only for a small sum of money for obligations incurred after the corporation was involuntarily dissolved." No affidavits or exhibits were attached to this response.
 
 
 5
 Finding no factual dispute, the district court entered summary judgment in favor of Trustees. The court directed Trustees to provide documentation of the amount of interest accumulated on the obligations and an itemization of attorney's fees.
 
 
 6
 Hershel Muncy filed a motion for reconsideration of the order granting summary judgment. He asserted that his counsel's failure to submit evidence in response to the motion for summary judgment constituted mistake, inadvertence, or excusable neglect under Fed.R.Civ.P. 60(b)(1). Hershel submitted affidavits by Defendants stating that he resigned as secretary of A & K on September 27, 1987, and continued his employment with A & K on a part-time basis but neither participated in the decision to continue operations post-dissolution nor had any duties or obligations with respect to the pension plans or compensation. Hershel Muncy argued that he was not involved in the operations of A & K; therefore, he was not liable for post-dissolution debts.
 
 
 7
 The district court denied reconsideration of the order, noting that relief under Rule 60(b)(1) is not available merely because a party is dissatisfied with the judgment; rather, the party must explain his failure to avoid mistake or inadvertence.
 
 
 8
 Hershel Muncy timely noted an appeal from the denial of his motion for reconsideration. This appeal was docketed No. 93-1493. The district court subsequently entered its Order of Final Summary Judgment against Hershel Muncy, Mary Ann Muncy, and Wilmer Muncy, individually and doing business as A & K Company, Inc. Hershel Muncy noted an appeal from the final judgment, which appeal was docketed No. 93-1694. Mary Ann Muncy's appeal from the judgment was designated appeal No. 93-1790.
 
 Appeal No. 93-1790
 
 9
 On May 10, 1994, Mary Ann Muncy was granted a discharge under Chapter 7 of the Bankruptcy Code. She moved to withdraw her appeal. The Trustees have stated that they do not object to Mary Ann Muncy's motion to withdraw her appeal. We therefore dismiss appeal No. 93-1790 pursuant to Fed. R.App. P. 42(b).
 
 Appeal No. 93-1493
 
 10
 In appeal No. 93-1493, Hershel Muncy challenges the district court's order denying his Fed.R.Civ.P. 60(b) motion. We review this order for an abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984).
 
 
 11
 Although Hershel contends that his counsel's failure to submit evidence in opposition to summary judgment constitutes excusable neglect justifying relief under Rule 60(b), this Court has determined that, especially in the summary judgment context, counsel's failures do not necessarily constitute excusable neglect.* Universal Film Exchs. Inc. v. Lust, 479 F.2d 573, 576-77 (4th Cir.1973) ("[T]he client must pay, at least initially, the penalty of his counsel's neglect.").
 
 
 12
 In addition to failing to submit evidence in opposition to summary judgment, Hershel Muncy, by counsel, failed to produce requested documentation concerning his resignation as A & K's secretary and admitted liability for post-dissolution debts. Because he failed to show justification for the asserted mistake or inadvertence, Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987) (quoting Central Operating Co. v. Utility Workers of Am., 491 F.2d 245, 252 (4th Cir.1974)), we find that the district court did not abuse its discretion in denying Hershel Muncy's Rule 60(b) motion. See Werner, 731 F.2d at 206. We affirm the district court's order underlying appeal No. 93-1493.
 
 Appeal No. 93-1694
 
 13
 In appeal No. 93-1694, Hershel Muncy noted his appeal from the order entered on May 25, 1993. Because he designated a specific order appealed from, this Court's jurisdiction is limited to issues addressed by that order. See Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir.1987). However, in his brief, Hershel Muncy seeks to challenge issues decided in the August 1991 order granting summary judgment for the Trustees. The order entered on May 25, 1993, noted that the court had in the August 1991 order granted summary judgment against Hershel Muncy but did not in any way revisit the merits of the determination that Hershel Muncy was liable. We find that the notice of appeal in No. 93-1694 does not provide this Court with jurisdiction to review the issues decided in the August 1991 order.
 
 
 14
 The notice of appeal in No. 93-1694 does provide this Court with jurisdiction to review the computation of the amount of interest and attorney's fees awarded to the Trustees. However, Hershel failed to contest the calculations; rather, he challenged only the August 1991 order granting summary judgment. We therefore affirm the district court's order computing the amounts of interest and attorney's fees to be awarded to the Trustees.
 
 
 15
 For the foregoing reasons, we grant Mary Ann Muncy's motion to withdraw her appeal, affirm the district court's order denying reconsideration of the order granting summary judgment, and affirm the order granting attorney's fees and additional interest to the Trustees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 Nos. 93-1493 & 93-1694--AFFIRMED
 No. 93-1790--DISMISSED
 
 
 *
 We find the cases cited by Muncy involving default judgments and dismissals with prejudice (Appellant's Br. at 10-15) to be distinguishable