60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Stephen G. THOMAS, Plaintiff-Appellant,
v.
SHONEY'S INC., d/b/a Captain D's, a corporation, Defendant-Appellee.
 No. 94-1443.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 7, 1995
Decided: July 5, 1995
 
 Theodore R. Dues, Jr., Charleston, WV, for Appellant.
 Roger A. Wolfe, Erin E. Magee, Charleston, WV, for Appellee.
 Before ERVIN, C.J., WILKINSON, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Stephen G. Thomas appeals from the district court's order denying Thomas's Fed.R.Civ.P. 60(b) motion for relief from the court's order granting summary judgment to the Defendant on Thomas's employment discrimination and racial harassment complaint.
 
 
 2
 Thomas filed this Complaint pursuant to the West Virginia Human Rights Act, W. Va.Code Sec. 5-11-9 (1992), claiming that the Defendant unlawfully conspired to terminate his employment due to his race, and failed to provide a workplace free from racial harassment. The Defendant removed the case to the United States District Court for the Southern District of West Virginia based on diversity of citizenship. The Defendant filed a motion for summary judgment, to which Thomas did not respond. The district court granted summary judgment to the Defendant; Thomas filed a motion for relief pursuant to Fed.R.Civ.P. 60(b), and a response to Defendant's motion for summary judgment. The district court denied Thomas's Rule 60(b) motion; Thomas appealed the district court's order denying his Rule 60(b) motion.
 
 
 3
 The uncontroverted facts are that Thomas, an assistant manager of a restaurant owned by the Defendant, filed this complaint claiming that another restaurant employee told him that the restaurant manager had schemed to terminate his employment. Thomas is an African-American. He alleged that a female employee informed him that the restaurant manager hired her to frame Thomas for a charge of sexual harassment, so that the restaurant manager would have a legitimate reason to terminate Thomas's employment. Thomas also alleged that a different restaurant employee told him that the restaurant manager had made racially derogatory comments about Thomas on several occasions. Thomas stated that he had been denied a promotion, but admitted that he had neither been accused of sexual harassment nor terminated from employment.
 
 
 4
 This Court reviews a district court's denial of a motion made pursuant to Rule 60(b) for an abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984). To be eligible for relief under Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party by having the judgment set aside. Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir.1979). Once the movant has satisfied these requirements, he must then satisfy at least one of the six grounds for relief provided in Rule 60(b) to obtain relief from the judgment. Id.
 
 
 5
 As a preliminary matter, the district court did not abuse its discretion in refusing to grant Rule 60(b) relief based upon Thomas's claim that his failure to timely respond to the summary judgment motion was excusable. Thomas did not obtain an extension of time to respond. Further, his claim that he told opposing counsel when he would respond is not sufficient to excuse noncompliance with the court's scheduling order. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir.1986); Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962).
 
 
 6
 Even addressing the merits of Thomas's claim, we find that the district court did not abuse its discretion in denying Rule 60(b) relief. Thomas filed his Complaint pursuant to the West Virginia Human Rights Act claiming employment discrimination based on race and racial harassment. In order to establish employment discrimination under the West Virginia Human Rights Act, a plaintiff must satisfy the evidentiary standards for proof of unlawful employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Secs. 2000e-2000e-17 (West 1994), and enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Sheperdstown Volunteer Fire Dep't v. State, 309 S.E.2d 342 (W. Va.1983). Because Thomas was not terminated from his employment when he filed this Complaint, he did not state a discriminatory discharge claim. See McDonnell Douglas Corp., 411 U.S. at 792-807; Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir.), cert. denied, 61 U.S.L.W. 3257 (U.S.1992).
 
 
 7
 To succeed in proving a prima facie claim that the Defendant discriminated against him in denying him a promotion, Thomas bears the burden of proving that he applied and was qualified for the job for which the employer was seeking applicants. Holmes v. Bevilacqua, 794 F.2d 142, 146 (4th Cir.1986) (explaining the McDonnell Douglas test in the context of claims of discriminatory denial of promotion). See also McDonnell Douglas Corp., 411 U.S. at 802 (setting out four-part test for Title VII discriminatory treatment claims). Although Thomas claimed that he was rejected for promotions on two occasions, he did not claim that he informed his supervisors that he wanted the promotions. He merely stated that they already knew that he wanted the promotions.
 
 
 8
 To establish racial harassment in the workplace under Title VII, a plaintiff must establish that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile or abusive working environment. Harris v. Forklift Sys., 62 U.S.L.W. 4004, 4005 (U.S.1993); see White v. Federal Express Corp., 939 F.2d 157, 160 (4th Cir.1991). Conduct that is merely offensive is not actionable under Title VII. See Harris, 62 U.S.L.W. at 4005. Whether an environment is hostile or abusive can only be determined by considering all the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Id. While any relevant factor may be taken into account, no one factor is required. Id. Although Thomas alleged that he heard from other employees that his manager made several racially derogatory comments about him, he did not establish the frequency or severity of the comments. Likewise, although he alleged that other employees treated him unfavorably based on his race, he did not establish that the conduct was anything more than offensive. Most important, Thomas admitted that his evaluations from his manager were always above average. Thus, Thomas did not show that the alleged discriminatory conduct unreasonably interfered with his work performance.
 
 
 9
 Thomas's complaint also vaguely alleges that the Defendant conspired to defame him by imputing unbecoming conduct to him, but he failed to establish an injury from the defamation as required to succeed on such an action. Crump v. Beckley Newspapers, 320 S.E.2d 70 (1983).
 
 
 10
 Therefore, we find that the district court did not abuse its discretion in finding that Thomas did not satisfy the prerequisite to Rule 60(b) relief of demonstrating a meritorious defense to Defendant's summary judgment motion. See Park Corp., 812 F.2d at 897.
 
 
 11
 Accordingly, we affirm the district court's order denying Thomas's motion to obtain relief from the court's order granting summary judgment to the Defendant. We previously granted the motion to dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED