**FAUTUA L.T. FAUMUINA, Plaintiff**

**v.**

**SAUNOA S. VAOULI, SUAFA'I P. SATELE, UTU SINAGEGE, and A.P. LUTALI, Defendants**

High Court of American Samoa
Land and Titles Division

MT No. 08-90

October 1, 1996

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Tuana'itau F. Tuia, LP

For Defendant Vaouli, Gata E. Gurr
For Defendant Satele, Asaua F. Fuimaono
For Defendant Lutali, Tauivi M. Tuinei

Order Denying Motion to Dismiss Party:

## PROCEDURAL HISTORY

This case originally went to trial in March of 1992. It concluded with the title "Faumuina" being awarded to defendant A.P. Lutali. Plaintiff and the other losing defendants filed motions for reconsideration which were denied. Plaintiff and the other losing defendants then moved to perfect appeal. On September 14, plaintiff moved to dismiss his appeal "[f]or the sake of peace and harmony in the family" and in reliance on the propriety of the trial court's decision. The Appellate Division honored his request.

The case then went up on appeal. The Appellate Division vacated the decision of the Land and Titles Division and remanded. The appellate court's decision was based, in part, on what it deemed was an unperformed duty of recusal upon the associate judges whom sat at the trial level. The case is now once again before the Land and Titles Division having being first placed on calendar for trial for August 26, 1994. After numerous joint requests by the parties to postpone trial for further family discussion, the defendants bring this current motion to dismiss plaintiff as a party in the new trial.

## DISCUSSION

Defendants argue that the lower court's judgment was final as to plaintiff when his appeal to dismiss was granted. In support of this contention defendants cite to a footnote in *Security Pacific National Bank v. MV Conquest*, 4 A.S.R.2d 59, 64 (Trial Div. 1987). There Chief Justice Rees stated that "a judgement remains final even though it is later found to be incorrect" to all who failed to perfect their appeal. *Id.* The *Security Pacific* court, however, did not explain this holding and cited no authority for its assertion. This court will not speculate as to the *Security Pacific* court's reasoning for this statement. Rather, we feel compelled to limit its holding to the facts at issue in that case.

The Fourth Circuit, however, has addressed this very issue at bar, in *Werner v. Carbo*, 731 F.2d 204 (4th Cir. 1984), and we find its reasoning

3

persuasive.[1] In *Werner*, the court held that "when one judgment rests upon a contemporaneous judgment which has been reversed or otherwise vacated . . . Rule 60(b)(5) should apply," thus allowing relief from the final judgment. *Id.* at 208. The court, however, went on to discuss the holding in *Maryland Casualty Co. v. City of South Norfolk*, 54 F.2d 1032 (4th Cir. 1932), which was not decided on Rule 60(b) or its antecedents but rather as a matter of general law. *Id.* In *Maryland Casualty* some of the parties appealed and some did not. The parties who appealed were successful in their appeal and the parties who did not appeal still received the benefits of the successful appeal. *Id.* Specifically, the defendants in *Maryland Casualty* argued that the materialmen in the case who did not appeal from the original final decree were bound thereby, and it was error to enter decrees in their behalf, notwithstanding the original decree was reversed on appeal taken out by other defendants. The court disagreed stating:

> The first decree was entered in [defendants] favor on the sole ground that the bond did not guarantee the claims of the materialmen. In this question all materialmen were interested; and a single decree was entered denying the claims of all of them. This decree was reversed on the former appeal; and we think that there can be no question but that this reversal inured to the benefit of all persons interested under the bond, whether they appealed or not; for it reversed their right to recover under the bond.

54 F.2d at 1038-39.

■ We find this reasoning persuasive. As in *Maryland Casualty*, the parties here all had an interest in the matai title. A single decree was entered denying all, except Lutali's, right to that title. This decree was vacated and the case was remanded. In these circumstances, the vacation of the judgment inured to the benefit of all of the losing parties, whether they perfected their appeal or not, because it vacated the underlying judgment and granted them rights to a new trial on their interest in the title Faumuina.

Moreover, matai title cases warrant equitable consideration unnecessary in other cases because in matai title disputes it is not merely the individual claimant(s) who have an interest in the matai title, but also those family members who support the claimant(s). To truncate these

---

[1] Although *Werner* was decided under F.R.C.P. 60(b)(5), its discussion and its reliance on *Maryland Casualty Co. v. City of South Norfolk*, 54 F.2d 1032 (4th Cir. 1932), are directly applicable to the motion at bar.

4

interests on a procedural technicality would hardly seem to be consistent with the interests of justice. As we have once before stated, "the Court should interpret the statutes [governing matai title disputes] so as to minimize the extent to which customary law is modified or overridden by the imported procedural framework in which it now must be applied." *Ma'ae v. Fuimaono*, 6 A.S.R.2d 75, 77 (Land & Titles Div. 1987). *See also* A.S.C.A. § 3.0242(b) ("In any matter . . . where strict compliance with any rule of practice or procedure maybe inequitable or inconvenient, the Land and Titles Division may act in each case in such manner as it considers most consistent with natural justice and convenience.").

Here plaintiff dismissed his action based upon his reverence to the trial court and in order to keep peace in the family. His efforts were, however, ultimately futile because the other parties went ahead with the appeal. The appellate court decided that the trial court's decision was in error, and has remanded the case for a new trial. To bar the plaintiff from again asserting his rights and the rights of all the family members who supported his candidacy, would be inequitable and unfair. Accordingly, we exercise the discretion given in § 3.0242(b) and allow plaintiff Fautua L.T. Faumuina, and those Faumuina family members supporting his candidacy, to assert his succession rights to the matai title Faumuina.

Based on the foregoing, the motion to dismiss is denied.

It is so ordered.