UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MATTILYN S. CALLOWAY,
<u>Plaintiff-Appellant,</u>

v.

FOOD CHIEF CONVENIENCE STORE #38,
a subsidiary of Dilmar Oil
Company, Incorporated,

No. 96-1892

<u>Defendant-Appellee,</u>

and

BRENDA STRICKLAND, Manager of
Food Chief Convenience Store #38;
DILMAR OIL COMPANY,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CA-95-1426-4-2JI)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. Gaines, Sr., Florence, South Carolina, for Appellant.
B. Kendall Hiller, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mattilyn Calloway appeals from the district court's orders (1) adopting the magistrate judge's recommendation to grant summary judgment to the Defendants on her Title VII discrimination claims based on race, 42 U.S.C. § 2000e (1994); and (2) denying her motion for reconsideration. We affirm.

Calloway, a black female, was hired by Food Chief Convenience Store on March 31, 1993, as a part-time cashier earning $4.25 per hour. Approximately two weeks later, Calloway was reassigned from cashier to cleaning and stocking duties.* In July 1994, Food Chief reduced Calloway's hours. On August 31, 1994, Calloway contacted the South Carolina Human Affairs Commission (SCHAC) to report that she was being paid less than Food Chief's white employees and that her hours had been reduced in a discriminatory fashion. Calloway was discharged on October 7, 1994. Calloway filed this action alleging that Food Chief discriminated against her on the basis of her race by paying her less than similarly situated white employees and by reducing her hours and ultimately terminating her employment in retaliation for complaining to the SCHAC and the EEOC. The district court adopted the magistrate judge's recommendation to award summary judgment to Food Chief and denied Calloway's motion for reconsideration. Calloway appeals.

This court reviews de novo district court orders granting or denying summary judgment. Carbon Fuel Co. v. USX Corp. , 100 F.3d 1124, 1132 (4th Cir. 1996). District courts may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d

_____

*Calloway's reassignment was by mutual agreement after she was $11.63 short in her cash register.

2

1085, 1087 (4th Cir. 1990) (en banc). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-49 (1986).

Plaintiffs in employment discrimination cases may avoid summary judgment by satisfying the burden-shifting method of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The plaintiff-employee must first prove a prima facie case of discrimination. If successful, the defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action. If successful, the burden shifts back to the employee to show that the defendant's proffered nondiscriminatory reason for its employment action was, in reality, a pretext for a discriminatory motive. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993). At all times, the ultimate burden of persuasion lies with the employee. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

Calloway's disparate treatment claim was based on her allegation that she was paid less than white employees with less seniority. Food Chief submitted an affidavit from O.C. Lane, Jr., Vice President of Food Chief's parent company (Dilmar Oil Co. Inc.), which explains that all part-time employees were hired at the rate of $4.25 per hour and that wages were not based on seniority, nor were increases guaranteed. In an effort to demonstrate that this proffered reason for salary differential was a pretext for discrimination, Calloway submitted an affidavit from a former Food Chief employee, Valerie Hodges. In this affidavit, Hodges stated that Food Chief discriminated against her by promoting a white employee with less experience and seniority than Hodges. The only other evidence submitted by Calloway consisted of a copy of a sworn complaint which Calloway filed with the SCHAC containing the same allegations contained in this complaint, and her attorney's unsworn allegations. We agree with the district court's finding that Calloway failed to rebut Food Chief's legitimate nondiscriminatory reasons for any pay differential between Calloway and other employees with less seniority. Accordingly, we affirm the district court's grant of summary judgment as to this claim.

3

Calloway's retaliatory discharge claim failed as well. To establish a prima facie case of retaliatory discharge, a plaintiff must show that (1) she engaged in protected activity, (2) the employer took adverse employment action against her, and (3) there was a causal connection between the protected activity and the adverse action. Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989). Once this prima facie case is established, it may be rebutted by the employer's legitimate nondiscriminatory reason for the adverse action. Id. The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the proffered reasons are pretextual. Id.

Lane's affidavit stated that Calloway was one of seven individuals who were discharged by Food Chief between mid-September and early October of 1994. Of those seven, three were black and four were white. According to Jones, Calloway's discharge, and that of the other six employees, was the direct result of a company-wide reduction in its labor force. Food Chief's policy was to release its part-time employees first before discharging any full-time employees. Calloway failed to offer any evidence that Food Chief's reasons were pretextual.

Calloway filed a motion for reconsideration in which she included pay records of other Food Chief employees to substantiate her claim of discrimination in pay. However, she offered no explanation as to why these documents had not been submitted to the district court before. Rule 60(b), Fed. R. Civ. P., authorizes relief from judgment if an aggrieved party can properly present "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Because Calloway failed to offer any explanation for her failure to present this evidence prior to the hearing on Food Chief's motion for summary judgment-- which took place five months prior to her motion for reconsideration --the district court did not abuse its discretion by denying her motion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984).

Accordingly, we affirm the district court's orders adopting the magistrate judge's recommendation to grant summary judgment in favor of Food Chief and denying Calloway's motion for reconsideration. We dispense with oral argument because the facts and legal con-

tentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED