**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

MERRICK RALPH FALESBORK, a/k/a
Merc, a/k/a Merrick,
>*Defendant-Appellant.*

No. 02-6673

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-91-116)

Submitted: May 15, 2003

Decided: June 11, 2003

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Merrick Ralph Falesbork, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Merrick Ralph Falesbork seeks to appeal the district court's decision dismissing his motion under Fed. R. Civ. P. 60(b),* which the district court construed as a motion under 28 U.S.C. § 2255 (2000), and dismissed as untimely and successive. This Court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Falesbork has not satisfied either standard. *See Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003).

We must construe Falesbork's notice of appeal and informal brief on appeal as an application to file a successive motion to vacate under 28 U.S.C. § 2255. *See United States v. Winestock*, __ F.3d __, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003). In order to obtain authorization to file a second motion to vacate, a movant must allege claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b), 2255 ¶ 8 (2000). Falesbork's claims do not sat-

---

*Falesbork stated in his motion that he was seeking a writ of audita querela, citing 28 U.S.C. § 1651 (2000), as well as Fed. R. Civ. P. 60(b). We have held that relief from judgment should be sought with Rule 60(b) rather than with the abolished writ of audita querela. *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984).

isfy either of these conditions. Therefore, we decline to authorize Falesbork to file a successive § 2255 application.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*