**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY ELLEN ANDERSON,
Plaintiff-Appellant,

v.

UNIVERSITY OF MARYLAND AT
BALTIMORE SCHOOL OF MEDICINE;
JOHN TALBOTT,
Defendants-Appellees,

and

No. 97-2452

UNIVERSITY OF MARYLAND
ANESTHESIOLOGY ASSOCIATES, PA;
UNIVERSITY OF MARYLAND
UNIVERSITY PHYSICIANS, PA;
UNIVERSITY OF MARYLAND
PSYCHIATRY ASSOCIATES, PA;
UNIVERSITY OF MARYLAND MEDICAL
SYSTEM,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-95-1222-AMD)

Submitted: October 27, 1998

Decided: November 30, 1998

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas J. Dolina, Kelly A. Koermer, BODIE, NAGLE, DOLINA, SMITH & HOBBS, P.A., Towson, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General, Sara Slaff, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary Ellen Anderson appeals from the district court's order denying her motion to vacate its previous order of dismissal without prejudice. We affirm.

Anderson, who suffers from multiple sclerosis, was terminated from her position as an administrator for the Department of Psychiatry at the University of Maryland, Baltimore. In April 1995, Anderson filed suit in the district court asserting violations of 42 U.S.C. § 1983 (1994), the Rehabilitation Act of 1973, 29 U.S.C.§ 794 (1994), and the Maryland Wage Payment and Collection Act. In June 1997, the parties tentatively reached a settlement agreement and notified the district court that the settlement agreement would be executed within two weeks. Pursuant to Fed. R. Civ. P. 41(a)(1), the parties filed a joint stipulation for dismissal without prejudice, which the district court approved on June 23, 1997.

In August 1997, following the stipulation for dismissal without prejudice, Anderson's attorney filed a motion to strike appearance and Anderson filed a motion to vacate the order of voluntary dismissal. The district court held a hearing on September 15, 1997, at which time the court granted Anderson's attorney's motion to strike appear-

2

ance and denied Anderson's motion to vacate. In denying Anderson's motion to vacate, the court stated that Anderson was free to reinstate the case because the dismissal was without prejudice and that Anderson could file a Fed. R. Civ. P. 60(b) motion for reconsideration of the dismissal order. Anderson did not file a Rule 60(b) motion but noted a timely appeal to this court.

On appeal, Anderson asserts that the district court erred by failing to hold an evidentiary hearing pursuant to Local Rule 111.1 of the Maryland District Court, to determine whether good cause existed to reopen the case. Rule 111.1 does not require the district court to hold an evidentiary hearing. Rather, Rule 111.1 states that "[s]uch an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated." Anderson moved to vacate the dismissal order because the terms of the settlement agreement differed from her understanding of them. The district court held a hearing and determined that Anderson failed to establish good cause for reopening the case because she failed to so move until two months after the dismissal order. Further, the court noted that Anderson's attorneys stated that a settlement had been reached. In addition, Anderson acknowledged that she understood she could refile the suit. Thus, we conclude the district court did not err in failing to hold an evidentiary hearing and in finding that good cause did not exist to reopen the case.

Anderson next asserts that the district court erred in failing to hold an evidentiary hearing and to vacate the dismissal order pursuant to Fed. R. Civ. P. 60(b). Anderson's motion was neither characterized by Anderson nor construed by the district court as a Rule 60(b) motion. In fact, the record shows that during the hearing, the district court denied the motion to vacate and instructed Anderson to file a Rule 60(b) motion if she desired to seek an equitable rescission of the dismissal order. The court also stated that Anderson was free to reinstate her case because the dismissal was without prejudice. Anderson failed to either file a 60(b) motion or to reinstate her case.

Even if Anderson's motion to vacate were construed as a Rule 60(b) motion, Anderson fails to establish that the district court abused its discretion by denying it. In order to obtain relief under Rule 60(b), a party must show timeliness, a meritorious defense, a lack of unfair

3

prejudice to the opposing party, and exceptional circumstances. <u>See</u> <u>Dowell v. State Farm Fire & Cas. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993) (quoting <u>Werner v. Carbo</u>, 731 F.2d 204, 207 (4th Cir. 1984)). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). <u>Id.</u> On appeal, Anderson asserts mistake because she is not happy with the settlement agreement negotiated by her attorneys. In essence, Anderson has rejected the settlement agreement and wishes to reinstate her case by attacking the dismissal order. This does not establish a basis for relief under Rule 60(b). Again, under the dismissal order, Anderson is free to reinstate her case if she so desires.

Accordingly, we affirm the district court's order denying Anderson's motion to vacate the dismissal order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4