**Martha VEREMIS and Kathleen Ezenbacher, Plaintiffs,**

**v.**

**INTERSTATE STEEL COMPANY, Scott Perkins, Vice President of Sales; Mike Noble, Assistant Vice President; and Steve Palazzola, Inside Sales Manager, Defendants.**

**No. 95 C 2461.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 7, 1995.

Steven Barry Muslin, Steven B. Muslin, Ltd., Chicago, Illinois, for Plaintiff.

Marc R. Jacobs, Michele Lyn Wilk, D'Ancona & Pflaum, Chicago, Illinois, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs, Martha Veremis and Kathleen Ezenbacher,[1] have brought this employment discrimination action against the defendant, Interstate Steel Company ("ISC"). The de-

---

1. The court notes for the record that while the original complaint and docket for the case identifies the second plaintiff as Kathleen Ezenbacher, the plaintiffs in their response to the defendant's motion refer to her as Ms. Enzenbacher.

fendant, ISC, has filed a motion to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(2), (4), and (5). Plaintiffs, meanwhile, have filed a motion to amend their complaint to name additional defendants. For the reasons set forth below, both motions are denied.

## I. FACTS

Veremis and Ezenbacher filed suit against ISC on April 24, 1995, alleging violations of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Age Discrimination in Employment Act. The suit was filed in a timely manner pursuant to 42 U.S.C. § 2000e–5(f). The plaintiffs filed a summons on April 28, 1995. The caption of the summons as well as the caption and body of the complaint named ISC as the defendant in the action. However, in the address portion of the summons, the name and address of the defendant were incorrect.[2] The summons and complaint were delivered to Mr. Vytas Ambutas ("Ambutas"), the registered agent for ISC with the Illinois Secretary of State. After realizing their error, plaintiffs attempted to serve a corrected summons upon Ambutas on July 7, 1995. Ambutas refused service, stating that he is the registered agent for Interstate Steel Company and that he had already filed an appearance in this case.

Furthermore, on October 18, 1994, National Materials, Limited Partnership ("NMLP") purchased all the assets of ISC. According to the purchase agreement between ISC and NMLP, NMLP assumed no liability for litigation matters arising from any act by ISC prior to October 1, 1994. Also, defendant alleges, a new company, ISC Holdings, Inc. ("ISCH"), survived the purchase. In plaintiffs' motion to amend the complaint, plaintiffs have moved to add NMLP and ISCH as additional defendants.

## II. DISCUSSION

Defendant moves to dismiss plaintiffs' complaint on the grounds that plaintiffs did not name or serve the proper corporation, that plaintiffs did not serve a proper agent of ISC, and because plaintiffs have failed to serve the proper defendant within 90 days of receiving the notices of right to sue.

■ First, ISC claims that since ISCH is the survivor of the ISC/NMLP transaction, ISCH is the proper defendant here. Contrary to these claims, however, is the fact that ISC is listed as a corporation in good standing with the Illinois Secretary of State. Plaintiffs' Response to Defendant's Motion to Dismiss, and Motion to Amend the Complaint to Name Additional Defendants, at Exhibit C. Further, Ambutas is listed as the registered agent of ISC. Plaintiffs served Ambutas, the agent of the corporation where they were previously employed, with a copy of the summons and complaint pursuant to FED.R.CIV.P. 4(h).[3] The end result is that Veremis and Ezenbacher served the agent of the corporation where they were previously employed in accordance with the law; therefore, service upon ISC was proper.

Next, the court turns to Defendant's claim that the defects in the summons render it ineffective. As previously stated, these defects consist of an incorrect name and address for the Defendant in the address section of the summons. The name, however, was correct in the caption of the summons, in the caption of the complaint and in the body of the complaint.

■ The court begins with the proposition that "a suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose ...". *Barsten v. Department of the Interior,*

---

**2.** The name listed was Inland Steel Corporation; the correct defendant is Interstate Steel Company. The address listed for the registered agent was 1965 Pruitt Blvd; the correct address is 1965 Pratt Blvd.

**3.** Rule 4(h) states, in pertinent part: "service upon a domestic ... corporation ... shall be effected ... by delivering a copy of the summons and the complaint to ... any other agent authorized by appointment or by law to receive service of process ...". FED.R.CIV.P. 4(h).

896 F.2d 422, 423 (9th Cir.1990). Further, "Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint." *United Food and Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984). In that case, the court held that a summons that stated the defendant had to answer in 10 days, instead of the allowed 20 days, was valid, even though it contained the minor defect, since it did not prejudice the defendant. *Id.* The Seventh Circuit addressed the flexibility of Rule 4 in *Mid–Continent Wood Products, Inc. v. Harris,* stating that "substantial compliance" with the requirements of Rule 4 is a valid doctrine to the extent that "it was involved to prevent a purely technical error in the form of the documents under Rule 4 from invalidating an otherwise proper and successful delivery of process." *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 302 (7th Cir. 1991).

■ Here, the delivery of process was proper and successful; the complaint was delivered into the hands of ISC's registered agent, named ISC as the defendant in the caption of the summons and named ISC in the caption and throughout the body of the complaint. It is quite obvious from these facts that ISC was the intended defendant and that a reasonable, intelligent person would realize ISC was the defendant, despite the error in the address portion of the summons. This error has not prejudiced ISC. Accordingly, defendant ISC's motion to dismiss is denied.

Plaintiffs also have filed a motion to amend the complaint to name additional defendants. However, the court notes that a copy of the amended complaint was not attached with the motion. Accordingly, plaintiffs' motion is denied; plaintiffs should refile their motion with an attached amended complaint.

### III. *CONCLUSION*

For the reasons stated above, Defendant's motion to dismiss plaintiffs' complaint pursuant to FED.R.CIV.P. 12(b)(2), (4) and (5) is denied. Plaintiffs' motion to amend the com-

plaint to name additional defendants is denied without prejudice.