**BANK UNITED, Appellant,**

v.

**Richard R. HAMLETT, Appellee.**

No. 7:01–CV–700.

United States District Court,
W.D. Virginia,
at Roanoke.

March 11, 2002.

Gary Michael Bowman, Roanoke, VA, for Richard Hamlett.

Matthew D. Huebschman, Jeffrey A. Fleischhauer, PC, Roanoke, VA, for Bank United.

Evelyn K. Krippendorf, Roanoke, VA, trustee.

## MEMORANDUM OPINION

TURK, District Judge.

Bank United appeals the Bankruptcy Court's denial of its motion to set aside a default judgment which that court entered against it in an adversary proceeding in which the appellee-debtor, Richard Hamlett, sought to void three deeds of trust that Bank United held on Hamlett's property. Because the Court finds that the Bankruptcy Court abused its discretion in failing to set aside the default judgment, this Court will reverse the order that denied the motion to set aside the judgment and will remand the cause for further proceedings on the merits.

### I.

In 1983, Appellant Bank United ("the Bank") loaned Appellee Richard Hamlett approximately $73,000. As security for those loans, the Bank took deeds of trust on three properties owned by a corporation that Mr. Hamlett controlled. At some point in the late '90's the exact date is not clear from the record Mr. Hamlett filed a Chapter Seven voluntary bankruptcy proceeding. The Bank duly filed its notices of claims in the proceeding, which informed the trustee of the debts that Mr. Hamlett owed it. However, the Bank filed the notices late. The trustee therefore objected to the claims. The Bankruptcy Court disallowed them because of tardiness under 11 U.S.C. § 502(b)(9) (2000), which disallows claims (both secured and unsecured) that are "not timely filed." [1]

With the claims disallowed, on October 25, 2000, Mr. Hamlett filed suit in Bankruptcy Court to void the liens that secured those claims. Mr. Hamlett filed with the bankruptcy clerk a "Motion to Avoid Lien" that was styled not as "Hamlett v. **Bank United**," but rather incorrectly as "Hamlett v. **United Bank of Texas**." The clerk prepared a summons with this incorrect title; however, no one served the motion or summons immediately. On November 1, 2000, Mr. Hamlett's attorney prepared a "Second Amended Motion to Avoid Lien," with the correct style of the case. He served all three documents (the original, incorrect summons; the original, incorrect Motion to Avoid Lien; and the amended, correct Motion to Avoid Lien) on Bank United's corporate secretary in Texas. The parties appear to agree that there is no connection whatsoever between United Bank of Texas and Appellant Bank United. [2]

The Bank neither answered the complaint nor appeared in any way. On January 9, 2001, in a motion styled "Hamlett v. Bank United," Mr. Hamlett sought a default judgment "against Bank United of Texas." Again he claimed that the Bank's liens were void. He served the motion on Bank United's corporate secretary. The Bank did not appear. After holding a hearing on February 13, 2001, the Bankruptcy Court entered a default judgment on March 13, 2001, voiding the deeds of trust that the Bank held on all three properties.

Bank United received a copy of the default judgment and appeared for the first time in the proceeding on April 2, 2001. The Bank asked the Bankruptcy Court to

---

1. The Bankruptcy Court ordered that one claim be "allowed as secured; disallowed for distribution purposes." The court ordered the other two to be disallowed because the "[c]laim was filed after claims bar date." *See* Judge Krumm's orders of July 12, 2000 (ROA Nos. 23, 24, and 25).

2. Appellee's counsel stated so during a later oral argument held in Bankruptcy Court. *See Transcript of Motion to Reconsider Order Determining Liens* at 17.

set aside the default and to allow it to defend its liens on the merits. After holding a hearing on the question, the Bankruptcy Court entered an order denying the motion to set aside the default judgment. From this order Bank United appeals. This Court held oral argument on February 26, 2002, and now reverses.

## II.

### A.

■■■ Bankruptcy Rule 7055 applies the standards of Federal Rules of Civil Procedure 55 and 60 to default judgments in adversary proceedings. Rule 60 allows a court to grant relief from a default judgment on any of six grounds: excusable neglect, newly discovered evidence, fraud, a void judgment, a satisfied or vacated judgment, and "any other reason justifying relief from the operation of the judgment." In addition to satisfying one of the six requirements of Rule 60, the Fourth Circuit has held that a party seeking to set aside a default judgment must also show timeliness, a meritorious defense, and a lack of unfair prejudice to the plaintiff. *Werner v. Carbo,* 731 F.2d 204, 206–07 (4th Cir.1984). This "overlapping" and the "broad phrasing of the rule free courts to do justice in cases in which circumstances generally measure up to one or more itemized grounds." *Id.* at 207.

■■■ Although the question whether a default judgment should be set aside is a matter committed to a trial court's sound discretion, *see McLawhorn v. John W. Daniel Co., Inc.,* 924 F.2d 535, 538 (4th Cir.1991), the discretion is not limitless. Rather, the trial judge must exercise his discretion within the bounds of "accepted legal principles." *Assmann v. Fleming,* 159 F.2d 332, 336 (8th Cir.1947). The Fourth Circuit has articulated a clear preference for judgments on the merits as

opposed to judgments by default, and has taken an "increasingly liberal view" of Rule 60's requirements. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting,* 843 F.2d 808, 810–11 (4th Cir.1988). A court should resolve doubts about whether to set aside a default judgment in favor of setting it aside, *see Werner,* 731 F.2d at 207, and a court's abuse of discretion on this question need not be "glaring" in order to justify reversal at the appellate level, *see United Coin Meter Co., Inc., v. Seaboard Coastline R.R.,* 705 F.2d 839, 846 (6th Cir.1983).

### B.

■■■ Keeping these standards in mind, Bank United has satisfied Rule 60's criteria for vacating the default judgment.

The first question is whether Bank United's action was timely. The Bankruptcy Court entered the default judgment order on March 13, 2001. Bank United appeared and asked that the Court set aside the order on April 2, 2001. Nineteen days (or two-and-a-half weeks) had elapsed. That amount of timeless than a month seems reasonable to the Court. In *Werner,* 731 F.2d at 207, the Fourth Circuit assumed that a period of eleven weeks was reasonable with barely any discussion at all. Similarly, the Court of Appeals considered a period of two weeks to be prompt in *Augusta Fiberglass Coatings,* 843 F.2d at 812. There is no doubt here that Bank United's attack on the judgment occurred within a reasonable time from the date on which the court entered the judgment.

■■■ Second, the movant must demonstrate that setting aside the judgment will not prejudice the plaintiff unfairly. The prejudice that the rule contemplates is not the ordinary loss of advantage that would result anytime a party loses the benefit of a judgment it (more or less easily) ob-

tained. There must be something more. *Werner*, 731 F.2d at 207. The Plaintiff has not suggested any sources of prejudice here, other than that he would like to keep the judgment that he perhaps would not otherwise have obtained. The second criteria is therefore satisfied.

The third criterion for relief is that the movant must have a "meritorious defense" to the underlying claim. In this instance, the "meritorious defense" prong is bound up with the Court's reasoning regarding the final prong. Thus, the Court will discuss the two prongs together.

### C.

 In addition to the three threshold requirements timeliness, lack of prejudice, and a meritorious defense the movant of a Rule 60 motion must also show that he satisfies at least one of the six other criteria of Rule 60. Bank United suggests to the Court that it meets two of them: first, Bank United maintains that the judgment against it is void, in satisfaction of Rule 60(b)(4); second, Bank United argues that "other reason[s] justify relief from the op-

eration of the judgment," in satisfaction of Rule 60(b)(6). Because the Court finds that the Rule 60(b)(6) requirement is met, it need not address the Rule 60(b)(4) argument.[3]

Rule 60(b)(6) is a "catch-all provision." *Dowell v. State Farm Fire & Casualty Co.*, 993 F.2d 46, 48 (4th Cir.1993). It allows a court to grant relief because of "any other reason justifying relief from the operation of the judgment," a somewhat circular proposition. Case law has interpreted the provision as granting courts a "grand equitable power to do justice in a particular case." *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (quoting 7 Moore, *Moore on Federal Practice* ¶ 60.27[1], at 60–266 (1993)). Lest equitable discretion reign unbounded, however, the Supreme Court has held that a party may avail itself of 60(b)(6) only under "extraordinary circumstances." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).[4]

The Fourth Circuit found extraordinary circumstances and vacated a default judg-

---

**3.** Defendant does make a strong Rule 60(b)(4) argument. A judgment is void if the entering court lacked jurisdiction over the parties, or when its entry violated due process. *See generally* 12 Moore, *Moore's Federal Practice*, ¶ 60.44, at 60–139 (Lexis Dec. 2001). Here, the defects in the service of process a completely incorrect party in the caption—were defects more substantial than the *de minimis* defects in cases like *Morrel v. Nationwide Mutual Fire Ins. Co.*, 188 F.3d 218 (4th Cir.1999) (word "Inc." left out of corporate name in summons) and *Veremis v. Interstate Steel Co.*, 163 F.R.D. 543 (N.D.Ill.1995) (corporate name wrong in address portion of summons, but right in caption). As any first-year law student knows, when service of process is ineffective a court does not acquire personal jurisdiction over a party, and a default judgment resulting from such defective service is void. *See Pennoyer v. Neff*, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877).

In addition, the judgment might be void because there is no legal basis for the relief

given to the plaintiff. Normally, a judgment that is merely erroneous for some legal reason is not void. *See O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951–53 (7th Cir.2000). However, the Fourth Circuit has hinted, in *dicta*, that a judgment might be void within the meaning of Rule 60(b)(4) when the allegations in the Plaintiff's complaint "establish [ ] indisputably that he was not entitled to recover." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 106 (4th Cir. 1979); *see* Moore, *supra*, ¶ 60.44, at 60–149. Because of its resolution of the case under Rule 60(b)(6), this Court (like the *Compton* court) need not consider whether the void judgment clause of Rule 60(b)(4) has a "substantive" component, or if it is merely jurisdictional and constitutional.

**4.** The *locus classicus* of extraordinary circumstances is a 1949 case, *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). There the Supreme Court set aside a denaturalization judgment by default

ment on facts similar to these in *Compton v. Alton Steamship Co.*, 608 F.2d 96 (4th Cir.1979). There the plaintiff, a seaman, filed an admiralty action for back waged. His ad damnum clause demanded five thousand dollars, but the actual amount of the back wages was around three hundred dollars. After the defendant failed to appear, the plaintiff moved for a default judgment, but also included a request for penalties against the defendant. The trial judge granted the motion and entered judgment against the defendant for approximately sixty thousand dollars.

The Fourth Circuit reversed. First, Judge Russell found that the district court's ruling was based upon a clear error of law; indeed, the court held that there "was no basis whatsoever in fact or in law for such a judgment." *Id.* at 107. The ruling was not merely erroneous; there was *no basis at all for it* and it presumably would not have survived a Rule 12(b)(6) motion in the District Court. The Fourth Circuit did not go so far as to declare the judgment void (though it implied that it might be, *see id.* at 107 n. 4) but it did find that the judgment was so "unconscionable" that it could not stand. *Id.* at 107.

In this case not only does the Bank have a meritorious defense, it is fair to say that there is "no basis either in fact or in law" for the default judgment. Section 501 of the Bankruptcy Code (11 U.S.C. § 501) requires creditors to file a timely proof of claim in the bankruptcy proceeding. Here the Bank filed its documentation late. Thus, the trustee requested the court to disallow the claims and the court did so. This barred the Bank from recovering

anything from the bankruptcy estate on the *notes* that Mr. Hamlett had signed. However, as Professor Collier has noted, the claim itself and the lien that supports it are two different interests:

> The relevant distinction lies between the recognition of a claim as a personal obligation of a debtor, and the existence of a lien as an *in rem* right to the property... If a secured creditor never files a proof of claim... its claim may be discharged by reason of the failure to file a proof of claim. However, in order for the lien to be avoided, either the holder or another person entitled to do so must file a proof of claim with respect to the creditor's claim or otherwise seek disallowance of the claim or avoidance of the lien.

4 Collier, *Collier on Bankruptcy*, ¶ 506.06[4][a], at 506–156 (2001).

In order to avoid the liens once the court disallowed the claims, Mr. Hamlett filed the instant adversary proceeding. Section 506(d) of the Bankruptcy Code provides that all liens are void when they are not based on an "allowed secured claim." Here, the court disallowed the Bank's *claims*. Nevertheless, an exception clearly applies: the *liens* are not void if the court disallowed the claims upon which they are based "only due to the failure of any entity to provide a proof of claim [under § 501]." 11 U.S.C. § 506(d) (2000). Plainly that is what happened here: the court's order recites that the claims were disallowed as "filed after claims bar date." *See Order of 7/12/00*, ROA Nos. 23, 24, 25. If the matter came to a hearing on the merits, Appellee's Motion to Avoid Liens likely would not have

---

against an ill, penniless, imprisoned defendant who was later exonerated of the criminal charges against him. In contrast stands a 1950 case, *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). There the movant collaterally attack a denatu-

ralization judgment entered after a trial a judgment the movant had chosen not to appeal, even though a co-defendant had appealed it and had obtained a reversal as to him. The Supreme Court denied relief.

survived the summary judgment stage. Even the Appellee's attorney admitted before the Bankruptcy Court that Defendant's defense had merit.[5] Not only did the Bank have a meritorious defense (as Rule 60(b) always requires for judgments not void *ab initio* ), but also the claim had no basis whatsoever either in fact or in law. *Compton* contemplates that default judgments based on claims that are so unfounded are extraordinary, and are eligible for Rule 60(b)(6) relief.

The nature of the claim underpinning the default judgment might itself justify relief. Compounding the issue here are the problems surrounding the service of process. There are serious questions as to whether Bank United was even properly before the Bankruptcy Court when it entered its default judgment. Further, the confused state of the captions, especially of the initial process, might have led employees at the Bank to believe that they were not the subject of the lawsuit.[6] Even the motion for a default judgment, which Bank United apparently received,[7] recited that Mr. Hamlett sought a default judgment against Bank United of Texas. *See* ROA No. 5. Further, this confusion can be traced to documents (for instance, the initial motion) that the Plaintiff's attorney prepared. The defects in process buttress this Court's conclusion that this case should be decided on its merits, not on a default.

### III.

This Court is well aware of the need for finality in litigation. Nevertheless, on the extraordinary facts of this particular case the baseless nature of the underlying claim, combined with the questionable service of process, made the default judgment below one that a court cannot enforce in equity and good conscience. To do so would result in a seventy-five thousand dollar forfeiture and, as the old maxim reminds us, equity abhors a forfeiture. It was an abuse of discretion to refuse to set aside the default judgment. The order of the Bankruptcy Court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

**5.** *See Transcript of Motion to Reconsider Order Determining Liens* at 17 (appellee's counsel states that "a second argument [appellant's counsel] makes is that they would have had a meritorious defense. That's true."). Mr. Hamlett devotes only one footnote of his brief toward challenging the proposition the Bank's defense was meritorious. *See Appellee's Brief* at 4 n. 1. He argues that § 506(d) applies only when a creditor fails entirely to file a proof of claim, and not when a creditor filed a late proof of claim that is subsequently denied. Mr. Hamlett cites no case law in support of his argument. This Court rejects as illogical the notion that a creditor who files a late proof of claim forfeits its lien when that claim is denied, but a creditor who filed no proof of claim at all preserves its lien. *Cf. Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004(1886).

**6.** The issue is still confusing, apparently: the Court notes that the court reporter who recorded the hearing at which Bank United asked the Bankruptcy Court to set aside the default judgment entitled the transcript "Hamlett v. United Bank of Texas."

**7.** This Court is aware of those cases that find Rule 60(b)(6) relief unavailable when the defendant's fault contributes to the default. *See generally* 4 Moore, *supra* note 3, ¶¶ 60.48[3][b] thru 60.48[3][c], at 60–173 thru 60–175. Here, appellee has argued that relief for the Bank is unavailable because the Bank received a copy of his motion for a default judgment in the mail, had notice of the hearing, and chose not to act. However, the *Compton* defendant had notice of the default judgment hearing as well, and still obtained 60(b)(6) relief from the Fourth Circuit. *Compton,* 608 F.2d at 99.